JAMES H. HILLS AND M. D. HILLS, HIS WIFE, v. EDWARD C. LOOMIS.

[IN CHANCERY.]

*Absolute Deed. Mortgage. Evidence.*

Where a defendant answers a bill to redeem fully in the aspect in which it was intended to be brought, and testimony is taken on both sides with reference to issues made upon the answer in that aspect, and a final decree is made without any question as to the sufficiency of the bill having been made in the court of chancery, it is then too late to raise this question in the supreme court.

Parol testimony is admissible to show that a deed from the orator to the defendant, absolute in terms, was not intended to be an absolute conveyance according to its terms, but was in fact made for a security for money paid for the orator by the defendant, the premises having remained in the possession of the orator, and the paper title continued in the defendant.

As the orator had the right to redeem, and the litigation grew out of the defendant's denial of that right, the ordinary rule of putting the costs of the proceeding for redemption on the mortgagor does not justly apply, and the orator was allowed his costs.

BILL IN CHANCERY. The bill alleges that the orators, James H. Hills, and his wife, M. D. Hills, of Burlington, on the 19th day of March, 1863, executed and delivered to Edward C. Loomis, a deed of a certain piece of land in Burlington, therein described, which deed, though in terms absolute, was executed for the purpose, and with the understanding on the orators' part, of securing said Loomis for such sum or sums of money as he had paid, or might thereafter pay, to satisfy a decree of foreclosure in favor of one L. M. Stevens against the said James H. Hills ; that the said Loomis, as the orators believe, has paid on the orators' account

about $1100 ; that the said James H. has frequently, and especially on the 1st day of March, 1866, offered to pay the said Loomis the full amount paid by him on said decree, with the interest and costs therein, but the said Loomis has always refused to accept payment of the same, fraudulently claiming that the said deed was an absolute conveyance of said land, and not a mortgage to secure the money so paid by him ; that the orators are ready and willing and offer to pay the said Loomis the full amount of his said payments, interest and costs ; that the said Loomis has brought an action of ejectment against the orators to eject them from the said land, and the same is now pending in court ; and praying that an account might be taken of the money so paid by said Loomis, and the orators be permitted to redeem said land by the payment of such sums as shall be found due the said Loomis in equity or the amount of payments by him made, and that he be ordered to release to the orators all the right, title and interest of the said Loomis by virtue of said deed, and for an injunction on the said Loomis further prosecuting the said ejectment suit, and for general relief. The defendant, in his answer, alleged in substance that he on the said 19th day of March, made an absolute, fair and *bona fide* purchase of said premises from the orators at the price of $1100, and that the said deed was intended to be an absolute and *bona fide* deed of conveyance of the said premises from the orators to the defendant, and is such, and that the defendant agreed to pay the said $1100 by paying said decree of foreclosure .in favor of said Stevens, and to pay the balance above said decree to the orators, and that he has paid the whole $1100, as so agreed, in full.

A temporary injunction was granted, and testimony was taken upon both sides in support of the issue made by the pleadings, and the bill *pro forma* dismissed, from which the orators appealed.

The orators have occupied the said premises ever since the execution of the said deed, but it appeared that they occupied under a lease from the defendant to them, from April 1st, 1863, to April 1st, 1864, and it was stipulated in said lease that they were to pay the defendant a yearly rent of $60 for the use and occupancy of the said premises, payable on the last day of March, 1864, and

that the orators at the end of the said term, to wit: on the 1st day of April, 1864, should surrender up to the defendant the full and complete possession of said premises in as good condition, etc.

*E. R. Hard*, and *Wales & Taft*, for the orators, cited 1 Wash. R. P., 505-6: *Wright* v. *Bates*, 13 Vt., 341 ; *Hyndman* v. *Hyndman*, 19 Vt., 9 ; *Graham* v. *Stevens*, 34 Vt., 166 ; *Rich* v. *Doane*, 35 Vt., 125 ; *Wing* v. *Cooper*, 37 Vt., 169.

*C. Russell*, for the defendant.

It is not alleged in the orators' bill that the defendant received the deed in question as a mortgage, the allegation in the bill being " that the deed was executed by the orators for the purpose, and *with the understanding on their part*, of securing the reimbursement to the defendant, of such sum or sums of money as he had paid, or might thereafter pay, to satisfy a decree of foreclosure in favor of one Luther M. Stevens against the said James H. Hills."

Under this allegation, the orators are not entitled to show that a deed absolute in form is in fact a mortgage. To give the orators that right it should have been, at least, alleged that all the parties to the deed considered it a mortgage. *Holmes* v. *Fresh*, 9 Missouri, 201.

Parol testimony such as has been introduced in this case is not admissible to show that the deed from Hills and wife to Loomis was not absolute. *Conner* v. *Chase*, 15 Vt., 764.

The opinion of the court was delivered by

WHEELER, J. The allegations in the orators' bill are very meagre, and if its sufficiency were under consideration upon demurrer, it might be found to be wanting in some essential particulars, but the defendant has answered it fully, and answered it in the aspect, in which it was intended to have been brought, and testimony has been taken on both sides with reference to issues made upon the answer in that aspect and a final decree made without any question as to its sufficiency having been made in the court of chancery. Under these circumstances it is too late to raise this question here. It is insisted by the defendant that by the laws of

this state, the parol testimony taken and filed in this case is not admissible or proper to be considered to show that the deed from the orators to the defendant was not intended to be an absolute conveyance according to its terms, but was in fact made for security for money paid for Mr. Hills by the defendant, and *Conner* v. *Chase*, 15 Vt., 764, is relied upon to establish that doctrine. *Conner* v. *Chase* is clearly different from this case. There the possession had followed the conveyance into the hands of successive grantees, who, although they had notice that the orator claimed to have some equity in the land, had no notice of the origin, extent or foundation of the claim, and the controversy was mainly between the orators and these grantees. The case in hand is more like *Wright* v. *Bates et al.*, 13 Vt., 341. In that case the deed was absolute. The grantor remained in possession, and there was a lease of the premises from the grantee to the grantor reserving rent in lieu of interest. Substantially the same facts exist in this case, and on the authority of that case and of *Rich* v. *Doane*, 35 Vt., 125, and other cases in this state less directly applicable, and upon general principles of equity, we hold that the evidence in this case is admissible and proper to be considered as bearing upon the question whether the deed was an absolute conveyance or a mortgage. Upon the question of fact we have no difficulty whatever. We think it is clear that the parties fully understood that the deed was to be merely security for the money that the defendant should pay for Mr. Hills. The contrary conclusion can not be arrived at without disregarding the most obvious inferences to be drawn from the undisputed circumstances, and without imputing to many respectable persons gross recklessness, if not perjury, in testifying, while this one is not very inconsistent with the testimony of the defendant's witnesses or even of the defendant himself.

Although this is essentially a bill to redeem, it is somewhat in the nature of a bill for specific performance, and as the whole litigation has grown out of the defendant's denial of the orators' right to redeem, and the orators have prevailed in the controversy, the ordinary rule that the costs of the proceeding for redemption are

put upon the mortgagor, does not justly apply to this case. The orators, therefore, are to be allowed their costs.

The result is that the *pro forma* decree of the court of chancery, dismissing the orators' bill, is reversed and the case is remanded to that court, with a mandate that an account be taken under the direction of that court, of the money paid by the defendant for the orator, James H. Hills, on account of the premises in question, and of the money received by him from the orators, and of the amounts received by him from the premises in money or otherwise, and the balance in favor of the defendant ascertained, with interest upon it to the time of making the final decree, and that a final decree be entered for the orators, that upon the payment by the orators to the clerk of that court, for the use of the defendant, of the balance found due the defendant at the time of the decree, after deducting therefrom the orators' costs of this suit, within some time to be fixed by that court, the defendant make proper conveyance of the premises to the orator, James H. Hills, and be perpetually enjoined from setting up any claim to the premises, and that in case the orators fail to make such payment within the time limited, the orators' bill be dismissed with costs.