## CROSBY, EXR. *v.* LEAVITT.

### [IN CHANCERY.]

### *Mortgage. Injunction.*

Mortagee obtained a decree of foreclosure, and agreed with the mortgagor that he might redeem after the time of redemption expired. Mortgagor remained in possession, and paid divers sums on the mortgage after the time expired. Mortgagor subsequently procured defendant to pay the mortgage, and the mortgagee gave defendant a warranty deed of the premises, the defendant agreeing by parol that the mortgagor might have the same right to redeem. Finally the defendant claimed absolute title under his deed, and forcibly ejected the mortgagor from the premises, whereupon the latter brought a bill against the defendant, and was permitted to and did redeem. *Held,* that defendant be perpetually enjoined from prosecuting the mortagee's estate for breach of the covenants in said deed.

APPEAL from the Court of Chancery.

The bill alleged that Orra Crosby, the testator, died on October 27, 1872, and that commissioners were appointed on his estate; that defendant presented a claim of over $3000 to the commissioners, which they disallowed; that defendant appealed, and that the appeal was still pending; that the claim thus presented was for a pretended breach of covenants in a deed from the testator to the defendant, dated May 1, 1866, conveying certain land in Walden; that on July 22, 1853, Joseph Edwards bought said land of John L. Edwards, for $3200, and mortgaged it to the testator for $1700; that at the December Term of Caledonia County Court of Chancery, 1857, the testator obtained a decree of foreclosure against said Edwards, with a year to redeem, and that on January 19, 1858, the testator loaned said Edwards $440 more, with an agreement that Edwards should suffer the time of redemption to expire, so that the title might vest in the testator, and that the testator would take no advantage of the expiration of the time, but would at any time thereafter, upon payment of his debts, which was about $2300, convey said premises to Edwards, or to any one that he might get to raise the money for him; that under that agreement, Edwards continued in possession of said premises, carried on the same as his own, took the products and profits thereof, and from time to time paid the testator various sums of money on his indebtedness, and also paid the costs of said foreclosure; that this relation continued until the spring of 1866, when the testator wanted Edwards to pay him $500, and get some one to take his claim on the place or pay him the balance, in which event the testator agreed to deed to Edwards or to whom he might direct; that thereupon Edwards applied to the defendant, his brother-in-law, who had money to loan, to raise the money, and that the defendant thereupon raised $500, and paid it to the testator for Edwards, and gave the testator his note for the balance of what Edwards owed him, which amounted in all to a little over $3160, and that the testator, at Edwards's request, then executed a deed of said premises to the defendant as aforesaid; that the defendant took said deed under an agreement with Edwards and the testator, that he would deed said premises to said Edwards whenever he paid him what he had thus paid out for him, with interest thereon; that in consideration of this agreement the testator consented to deed to the defendant, and that by virtue thereof Edwards continued in possession of said premises as before, until the winter or spring of 1869, when the defendant set up ownership of the premises in himself by virtue of said deed, and forcibly

ejected Edwards therefrom and took possession thereof, whereupon Edwards tendered him the amount he had thus paid to the testator, with interest thereon, and brought a bill against him to redeem, wherein such proceedings were had that Edwards was permitted to and did redeem, and that in and about the defence of that suit the defendant was put to great cost and expense, to recover which he presented his claim to the commissioners as aforesaid; that at the time the defendant took said deed from the testator, he well knew that Edwards had an equity of redemption in said premises, and that the testator had not an absolute title thereto, but only a mortgage thereon, and that the defendant took said deed as security and not otherwise. *Prayer*, that said deed be declared a mortgage, and that the defendant be enjoined from prosecuting his said claim against the testator's estate, and from prosecuting any claim against said estate for anything growing out of the covenants in said deed, and for general relief.

The answer alleged that the defendant purchased said premises of the testator absolutely, without knowledge that the testator held title thereof only by way of mortgage, and that Edwards had a right to redeem the same; and insisted that by virtue of said deed he became and was the owner of said premises in fee; and alleged that he vouched in the testator to defend Edwards's bill to redeem.

The answer was traversed and testimony taken. Said deed to the defendant was absolute on its face, contained the usual covenants of a warranty deed, and was conditioned for the payment of the defendant's note to the testator for $2540, and all taxes on the farm.

The case was heard on bill, answer, traverse, and proofs, at the March Term, 1877, Washington County, REDFIELD, Chancellor, when a decree was entered that the defendant be perpetually enjoined from prosecuting his appeal against said estate, and from prosecuting any suit at law or in equity against said estate on the covenants in said deed. Appeal by the defendant.

*J. P. Lamson*, for the orator.

*J. A. & G. W. Wing*, for the defendant.

The opinion of the court was delivered by

DUNTON, J. This case has been treated by the solicitors for the defendant, in their brief, as though in order to grant the orator

31

the relief prayed for in his bill of complaint, the deed of May 1, 1866, from Orra Crosby to the defendant, had got to be reformed, so as to make it, in effect, an assignment of a mortgage. But we see no occasion to consider the legal propositions so forcibly presented in their brief by the solicitors for the defendant, as to the reformation of deeds and contracts. We do not see how this question arises in the case. The orator does not claim but that the deed in question was just such a deed as the grantor intended to execute; but he does claim that by virtue of the alleged parol agreement made between Edwards and the defendant, and known to the grantor, prior to the execution of the deed in question, the title thereby acquired by the defendant was in the nature of a mortgage. There are several cases in this state where, by virtue of parol agreements reserving the right of redemption in the grantor, absolute deeds, under certain circumstances, have been treated in equity as mortgages; among which are *Campbell* v. *Worthington*, 6 Vt. 448; *Baxter* v. *Willey*, 9 Vt. 276; *Wright* v. *Bates*, 13 Vt. 341; *Hyndman* v. *Hyndman*, 19 Vt. 9; *Rich* v. *Doane*, 35 Vt. 125; *Hills* v. *Loomis*, 42 Vt. 562. Each case has its peculiar facts and circumstances. As was remarked by REDFIELD, J., in *Hyndman* v. *Hyndman*, *supra*: " Cases of this kind will always depend very much upon the determination of the facts. In that particular, one case is not a rule for the determination of any other case, unless the two cases are alike in all particulars, which never occurs."

It is unnecessary for us to consider the other questions raised in this case, and so ably discussed by counsel in their briefs, for we find from the evidence, independent of the decree in the suit of *Edwards* v. *Leavitt*, that the alleged agreement between Edwards and the defendant, whereby Edwards was to have the right to redeem the premises in question, was nearly substantially as set forth in the bill of complaint, and that Edwards continued in the possession of said premises after the execution and delivery of said deed from Crosby to Leavitt, under an agreement to redeem, and to pay interest on the amount paid by Leavitt to Crosby as the consideration for the deed, in lieu of rent, until forcibly ejected from the premises by the defendant, and that Edwards

enforced his right in equity to redeem the premises, by suit. It would, therefore, be inequitable for the defendant to prosecute his said suit at law against Orra Crosby's estate ; and the decree of the Court of Chancery perpetually enjoining the same, and also perpetually enjoining the defendant from prosecuting, at law or in equity, said estate upon the covenants in said deed, is affirmed with costs, and the case remanded.