JENNIE A. ROWELL in equity *vs.* HENRY S. JEWETT and another.

Somerset. Opinion May 4, 1882.

*Mortgage — redemption of. Tender. Interest. Rents and profits. Statement of account.*

A mortgagee is not obliged to accept a tender of the amount due on the mortgage, from one who holds but a moiety of the equity of redemption, and when there is a dispute as to the title to the equity, in redemption and discharge of the whole mortgage.

And when a tender is refused under such circumstances, the interest on the mortgage debt does not stop at the date of the tender. Nor will interest stop when it appears that the person making the tender had the use and benefit of the money tendered from and after the time when it was made.

Where one went into possession of real estate under a conditional deed from the mortgagor, and, before the entry of the mortgagor for breach, became the tenant of the mortgagee, the latter is chargeable for rents and profits from the time when the mortgagor made a formal entry upon the premises to re-possess herself for breach of the conditions of her deed.

Where the tenant of the mortgagee in possession, expended two hundred and fifty dollars for a barn on the farm, and ten dollars for a pump, both of which were judicious under the circumstances, the mortgagee may be allowed for such expenditures in the statement of the account; but he cannot be allowed for fifty dollars paid counsel in a process of forcible entry and detainer against a tenant when it appears that the case went to judgment in his favor and the parties to the recognizance settled the rents and costs, and the mortgagee does not disclose how much he thus received.

Where the master in chancery fixes upon a fair value for the annual rent from the evidence submitted to him, and he is not requested to report that evidence to the court, and does not, his conclusion must be deemed to be correct.

ON REPORT.

Bill in equity to redeem mortgaged premises.

The case went to a master to state the account and was reported from the March term, 1881, upon the following stipulation :

"The master's report in this case was made at this term. It presents certain findings and an alternative report. The complainant filed exceptions to the master's report in certain particulars. By agreement, the report and the exceptions are to be submitted to the law court, to be disposed of as the court here should do, and direct such order or decree as shall be in accordance with the legal rights of the parties."

The opinion states the questions raised by the exceptions to the master's report.

*D. D. Stewart*, for the complainant.

It was the duty of the defendant to have taken so much of the tender as was due on the mortgage. *Dean* v. *Washburn*, 17 Maine, 102 ; *Saunders* v. *Frost*, 5 Pick. 267 ; 2 Jones, Mortgages, § § 893, 894, 899 ; *Tucker* v. *Buffum*, 16 Pick. 49 ; *Kartright* v. *Cady*, 21 N. Y. 353 ; *Otis* v. *Barton*, 10 N. H. 433 ; *Sargent* v. *Graham*, 5 N. H. 440.

The tender and refusal stopped the running of interest. *Brown* v. *Simmons*, 45 N. H. 213 ; *McNeil* v. *Call*, 19 N. H. 403 ; *March* v. *R. R. Co. Id.* 372 ; *Tucker* v. *Buffum*, 16 Pick. 46.

It was not necessary to bring the tender into court. *Colby* v. *Stevens*, 38 N. H. 191 ; *Tucker* v. *Buffum*, 16 Pick. 46 ; *Richards* v. *Pierce*, 52 Maine, 561 ; *Hubbell* v. *Moulson*, 53 N. Y. 225 ; *Bailey* v. *Metcalf*, 6 N. H. 156 ; *Graham* v. *Linden*, 50 N. Y. 547.

The master found as correct, that Jewett told Mitchell, who was on the place at the time, as the time expired to go to work and keep the farm up, and if Mitchell wanted to redeem, he

would give him a chance. That was in February 28, 1872; and Jewett testified, "He has been in possession of the place ever since under me." Then Jewett should be charged in the statement of the account with rents and profits from that date. *Jewett* v. *Cunnard*, 3 Woodb. and M. 300; *Dela* v. *Stanwood*, 62 Maine, 574; 2 Jones, Mortgages, 1114; *Harrison* v. *Wyse*, 24 Conn. 1; *Kellogg* v. *Rockwell*, 19 Conn. 446; *Reitenbaugh* v. *Ludwick*, 31 Penn. St. 131; R. S., c. 90, § § 2, 19; *Farwell* v. *Sturdivant*, 37 Maine, 308; *Saunders* v. *Frost*, 5 Pick. 269.

*Folsom and Merrill*, for the defendants.

Jewett should be accountable for what rent he actually received, and no more. The master's report shows that he received no rent prior to commencement of process of forcible entry and detainer, May 16, 1876. Prior to that, Mitchell was in possession as mortgagor, under the mortgagee. That was all Jewett's testimony meant. He was not under him as tenant. See 1 Smith's Leading Cases, 888, (Am. ed.); 1 Hilliard Mort. 218; *Connor* v. *Whitmore*, 52 Maine, 185; *Astor* v. *Hoyt*, 5 Wend. 603; *Walton* v. *Cronly*, 14 Wend. 63; *Calvert* v. *Bradley*, 16 How. 58; Daniel's Ch. Pr. 1239, 1248; *Bailey* v. *Myrick*, 52 Maine, 136; *Gordan* v. *Lewis*, 2 Sumner, 143; 4 Kent's Com. 166, (5th ed.); *Charles* v. *Dunbar*, 4 Met. 498; *Simmonds* v. *Jacobs*, 52 Maine, 153; *Howe* v. *Russell*, 36 Maine, 115.

LIBBEY, J. In this case, the master reports the facts upon which the amount due between the parties can be computed according to law; and he reports two computations based upon different legal propositions, the first of which he says he thinks correct, but reports all the facts for the decision of the court. The plaintiff excepts to the rules adopted by the master in each computation, and the case comes before this court on report for such a decree as the judge, at *nisi prius*, should enter. The case is properly before us for such a decree as should be made upon the facts reported by the master, without regard to his statement of the accounts.

This suit was commenced December 6, 1875, and has twice been before this court. 69 Maine, 293; 71 Maine, 408. On the

twenty-ninth of March, 1875, the plaintiff obtained from a bank, eight hundred dollars, for the purpose of making a tender to the defendant, Jewett, and on the same day made the tender to him to redeem the whole mortgage. The tender was not accepted by the defendant, and the plaintiff paid the money back to the bank on the same day, paying nothing for the use of the money.

The first point raised by the plaintiff is, that the tender should stop the interest on the note secured by the mortgage.

When this case was before this court upon the merits, (69 Maine, 293) it was held that the plaintiff could not maintain her bill to redeem, without making Fifield Mitchell a party, and having the question of the title to the equity of redemption, as between said Mitchell and herself, settled in this suit; and it was also held that, in any event, she had the right to redeem from the Burrill mortgage held by the defendant, Jewett, one undivided half of the premises only. Under these facts existing at the time of the tender, we think Jewett was not obliged to take it in redemption and discharge of the whole mortgage. He had a right to have the disputed title to the equity first settled, and then the tender should have been made to redeem the undivided half only.

But we think the plaintiff's position is not tenable for another reason. She had the benefit of the use or interest of the money tendered, and in such case she should account for the interest and the defendant should have the benefit of it. *Tucker* v. *Buffum*, 16 Pick. 46. This would be equivalent to the interest on the mortgage debt; therefore the tender should not affect the computation of interest. It was sufficient to authorize the maintenance of the bill, but should have no other effect.

The next objection raises the question, from what time shall the defendant, Jewett, be charged with the rents and profits of the premises? In his first computation the master commences May 22, 1876; and in his second, February 28, 1872. The defendant claims that the second date is the true time. We think neither is correct.

Fifield Mitchell was in possession of the mortgaged premises under a conditional deed from the plaintiff's testator to him, prior

to November 19, 1873, when she made a formal entry upon the premises, to repossess herself thereof, for breach of the conditions of her deed; and on the twenty-seventh of November, 1873, she commenced a writ of entry therefor against the defendants. Prior to that time the relation between Mitchell and Jewett was that of equitable mortgagor and mortgagee, and such that Jewett was not accountable for rents and profits to any one, but he and Mitchell appeared and defended the suit of the plaintiff's testator, prosecuted after her death by the plaintiff, on the ground that the defendant, Jewett, held the Burrill mortgage, and that Mitchell was in possession of the demanded premises under him as his tenant, and thereby prevented the plaintiff from getting possession. He thus held her out of possession, on the ground that he was holding it by his tenant under that mortgage. We think he should be held to account to the plaintiff for the rents and profits, from the commencement of that suit, November 27, 1873.

The master finds that in 1877 the farm needed a new barn to take the place of one which had been recently destroyed by fire, and that in the summer, before haying, Mitchell erected one at an expense of two hundred and fifty dollars. This expenditure was a judicious one in the proper management of the farm. In 1879 he expended ten dollars for a pump which was judicious and proper. The defendant is accountable for rents and profits on the ground that he was in possession, receiving them by his tenant, Mitchell, and we think he is entitled to have these expenses allowed precisely as if they had been made by himself. The plaintiff has the benefit of them and it is equitable that she should be charged with them in stating the accounts.

The next objection is to the allowance to the defendant of fifty dollars paid counsel in a suit of forcible entry and detainer, commenced by him against Mitchell for possession of the farm in May, 1876. The case was appealed by Mitchell to the Supreme Judicial Court, and he entered into a recognizance with sureties according to law, for intervening costs and rents. The suit went to judgment in favor of Jewett in January, 1881; and he settled

with the parties to the recognizance for the costs and rents, but does not disclose what rent or costs he received. Upon these facts we think he should not be allowed the fifty dollars in the statement of the accounts.

The next and last exception taken is that the master should have allowed more than one hundred dollars per year for the rents and profits of the premises. He fixed their fair value from the evidence submitted to him. He does not report the evidence upon which he formed his judgment, and it does not appear that he was requested to do so. There is nothing in the case which shows that his conclusion was not correct.

To prevent further delay we have stated the accounts between the parties in accordance with the foregoing rules, and find the amount that will be due on the mortgage on the twenty-seventh of March, 1882, will be two hundred and fifty-three dollars and seventy-five cents, one half of which must be paid by the plaintiff to redeem her undivided half of the premises. The proper decree will be drawn and transmitted to a justice of the court for signature, for redemption of the mortgage and for costs, in accordance with the foregoing conclusion, and the determination of the court in this case, as appears by the opinion, 71 Maine, 412.

*Decree accordingly.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.