BENJAMIN H. STILL AND WIFE *v.* J. W. BUZZELL.

[IN CHANCERY.]

*Deed absolute in form, when a Mortgage. Fraud. Pleading. Practice. Bill to Redeem. Costs. Mortgagee in Possession.* R. L. ss. 1955, 4155.

1. A deed absolute in form, but given to secure a debt and also to cover the grantor's property for the purpose of preventing attachment, is a valid mortgage between the parties; and, on payment of the debt, the grantee will be ordered to reconvey, on the ground that he cannot take advantage of his own fraud upon others to defraud the grantor.

2. Although a bill must be framed to the circumstances that exist when the action is brought, yet the decree will be affirmed when it is correct in form and amount, if the bill has been formally amended; thus, when the bill was brought to redeem, the debt had not been paid; but it had been,—and there was a balance due the orator,—prior to the hearing before the master, by applying on the debt the use of the premises occupied by the defendant in possession under his mortgage; *Held,* (*a*) That the orator would have been entitled to a decree, if his bill had been properly framed; (*b*) That the bill should have contained an offer to pay any balance found due the defendant on accounting; (*c*) That the cause should be remanded for amendment of the bill, and the decree ordering the defendant to redeed and pay the balance due the orator, should be affirmed.

3. The orator, after the condition of the mortgage had been broken, rented the premises (a pasture), and the mortgagee notified the tenant that he must pay the rent to him; and the mortgagee also turned some of his own stock in in that season, and afterwards used the pasture to some extent; *Held,* on a bill to redeem, that the defendant took possession, and was accountable for such rents and profits as he ought to have received.

4. When a debtor, owing both a secured and an unsecured debt, makes a general payment without any direction, and no application is made, it should be applied to the unsecured debt.

5. In a suit to redeem the defendant was not allowed costs on false issues raised by his answer, and costs were allowed the orator.

BILL praying that the defendant be ordered to redeed certain lands. Heard on the pleadings, master's report and

exceptions thereto, December Term, 1886, WALKER, Chancellor.   Decree for orators.   Affirmed.

The prayer of the bill was that defendant be decreed to convey the lands described in the bill to the oratrix and account for the rents.   It was found by the master that the oratrix owned the premises in question, and on October 30, 1878, she and her husband, the orator, conveyed them to the defendant by warrantee deed.   At this time an overdue mortgage was on the premises, amounting to. $250, due to one Miller, and the defendant agreed to and did take up this mortgage.   The deed was not intended to be absolute, but was given and received to secure the Miller mortgage debt, and the defendant agreed to redeed to the oratrix when that debt was paid.   The master also found that one object, in conveying the Miller lot, so-called, to the defendant, was " to cover this property and prevent any other creditors troubling the orator and oratrix." The orator owed the defendant a general account and also two sets of notes, called the Miller notes and the Frary notes ; but it was found that the conveyance of the Miller lot ,was to secure the defendant for taking up the mortgage on that lot and not the other debts.

It was found, as to the $21 mentioned in the opinion, that it was paid by E. L. Still, the orator's son, without any agreement as to where it should be applied, and that 'no application had been made at the commencement of the suit.   The bill alleged that the deed was given to defendant to secure him for taking up the Miller notes, and " to prevent the creditors of your orator from interfering in the orator's use of said land ;" that defendant agreed to redeed on payment of said Miller notes ; and that they had been paid.   The bill was served May 22, 1883.

The decree provided that the defendant took possession of the Miller lot and should be treated as a mortgagee in possession, and should account to the orators for the reasonable rental value of said lot for four years, commencing from the spring of 1882, which is found at $25 per year by the master,

leaving a balance due the orators of $24.06; that, if the defendant would excuse himself from accounting for such rents and profits, he must show that he used reasonable means to procure a tenant, or derive benefit from the premises; that it does not appear that the defendant was in fault in not collecting the rent for the year 1881, and the value of the use by the tenant and defendant respectively is not found; that the $21 paid by E. L. Still on account of the orator, without any agreement or direction, be applied upon the general account between the parties, and not upon the Miller debt; that the defendant reconvey to the oratrix the premises described in the bill,—which were conveyed to him by deed, October 30, 1878, as security for the payment of the Miller debt,—free and clear of all incumbrance; that the right of the orators to relief is not defeated by the fact that the deed was executed in part to cover the property from attachment; and that defendant be denied his cost, and the orators recover their cost subsequent to the filing of the answer. The other facts are sufficiently stated in the opinion of the court.

*John H. Watson,* for the defendant.

The $21 paid by E. L. Still, should be applied on the general account, as the rule is that the most precarious security should be extinguished first. *Briggs* v. *Williams,* 2 Vt. 283; *Pierce* v. *Knight,* 31 Vt. 701; *Allen* v. *Lyman,* 27 Vt. 20.

Full payment is a condition precedent to redemption (2 Jones, Mort. s. 1070), and the burden is on the mortgagor to show it.

In the absence of an agreement, there is no legal satisfaction of the mortgage by receipt of the rents. They must be first applied by the judgment of the court. 2 Jones, Mort. s. 1115. The mortgagee is not chargeable so long as the premises are not redeemed. 2 Jones, Mort. s. 1116; *Seaver* v. *Durant,* 26 Vt. 103. When a tenant is in possession under the mortgagor, the mortgagee must either cause an actual eviction of the tenant or become his landlord by a new contract, in order to extin-

guish the liabilities of the mortgagor. *Stedman* v. *Gassett*, 18 Vt. 346; *Partington* v. *Woodcock*, 5 Nev. & Man. 672; s. c. 6 Ad. & El. 690; *Evans* v. *Elliot*. 9 Ad. & El. 343.

The relation of landlord and tenant cannot be created without the consent of both parties. And when the tenant quits and refuses to pay, there is no express or implied contract, and nothing short of an actual eviction will constitute possession in the mortgagee. *Stedman* v. *Gassett*, *supra*; *Babcock* v. *Kennedy*, 1 Vt. 462; *Brown* v. *Storey*, 1 Man. & Gr. 117.

After the premises were vacated by the tenant, the possession was in the mortgagor. 1 Washb. Real Prop. 533.

So long as the mortgagor is in possession, he is entitled to the rents and profits. *Walker* v. *King*, 44 Vt. 601; *Mayo* v. *Fletcher*, 14 Pick. 525; *Hooper* v. *Wilson*, 12 Vt. 695.

A mortgagee will not be held for anything more than the actual rent and profits received. 2 Jones, Mort. 1123.

The taking possession must be distinct and unequivocal. COLLAMER, J., in *Hooper* v. *Wilson*, *supra*; *White* v. *Maynard*, 54 Vt. 575.

The defendant is not liable for interest on the rents. *Breckenridge* v. *Brooks*, 2 A. K. Marsh, 341; 1 Washb. Real Prop. 588.

The right of action must exist when the suit is brought. A decree must be based upon the case as then made. *Barrett* v. *Sargeant*, 18 Vt. 365; *Blairdell* v. *Stevens*, 16 Vt. 179; *Cowner* *Wilson*, 33 Vt. 1. See 1 Pom. Eq. Jurisp. ss. 388, 1219.

The bill should have contained an offer to pay any balance due. 2 Jones, Mort. 1093.

It was a fraudulent conveyance, participated in by both parties, and was void as to creditors: R. L. ss. 1955, 4155; *Prout* v. *Vaughn*, 52 Vt. 451; *McLane* v. *Johnson*, 43 Vt. 48; Bump. Fraud. Conv. 195, 204; but it must stand as between the parties. A right of action cannot arise out of fraud. *Holman* v. *Johnson*, Cowp. 343.

If a party conveys away his property with intent to defraud

his creditors the law will not aid him to recover it back. SAV-
AGE, Ch. J., in *Roberts* v. *Jackson*, 1 Wend. 478. See *Har-
vey* v. *Varney*, 98 Mass. 118; 1 Pom. Eq. Jurisp. 397, 916,
940; 1 Jones, Mort. s. 627; *Schmidt* v. *Opie*, 33 N. J. Eq.
138; 7 Met. 520; Bump. Fr. Conv. 486; *Bowland* v.
*Martin*, 4 Cent. Rep. 760.

The defendant should be allowed his costs, according to the
general rule in a suit to redeem. 2 Jones, Mort. s. 1111.

*S. B. Hebard*, for the orators.

The defendant was in possession and should account for the
reasonable rents and profits. He was bound to use reasonable
diligence, either in procuring tenants, or in other ways real-
izing from the premises. *White* v. *Maynard*, 54 Vt. 575;
*Shaeffer* v. *Chambers*, 6 N. J. Eq. 548; *Sanders* v. *Wilson*,
34 Vt. 318.

The defendant is not entitled to costs. He set up false claims
and failed. *Waterman* v. *Cochran*, 12 Vt. 699; *Stearns* v.
*Wrisley*, 30 Vt. 661.

The orators prevailed in the sole issue, and should be
allowed costs. *Day* v. *Cummings*, 19 Vt. 496; *Weston* v.
*Cushing*, 45 Vt. 531.

The court will not reverse a decree solely on a question of
costs. *Mott* v. *Harrington*, 15 Vt. 185; *Ricker* v. *Clark*, 54
Vt. 289; *Joslyn* v. *Parlin*, 54 Vt. 670; *Hastings* v. *Perry*,
20 Vt. 272; *Sanborn* v. *Kittredge*, 20 Vt. 633.

The opinion of the court was delivered by

Ross, J. The master has found that the deed of the Miller
lot, though absolute in form, was, between the orator and
oratrix and the defendant, given to secure the defendant for
taking up the Miller notes then resting upon the premises,
which the defendant agreed to do, and did subsequently do,
and to cover the property and prevent any other creditors from
troubling them. The bill is brought to compel the defendant
to redeed the premises, the complainants claiming that they

had paid the defendant the entire debt secured by the deed. The defendant contends that he has not been paid what the deed was given to secure, and that if he has been, the complainants are remediless, because the deed was given and accepted to prevent any other creditors from troubling them.

I. Upon the facts found by the master, the debt secured by the deed had not all been paid at the time the bill was brought, but had been at the time of the hearing, by the use of the mortgaged premises. The complainants do not offer in the bill to pay the defendant any balance which might be found due him, on full accounting. This is necessary in a bill to redeem if the orator would avoid the risk of a balance being found against him. Strictly, the bill must be framed to the circumstances that exist when it is brought, and the orator must recover if at all, upon the allegations of his bill when applied to the circumstances then existing. In this view, even if the master's findings are approved, the orator and oratrix would not be entitled to relief without amendment of the bill. But as such amendment would effect no rights now, unless it influenced the question of costs, the Court of Chancery would probably have allowed it to be made, without terms. Hence, this question is somewhat unimportant.

The only contention bearing upon whether the mortgage debt had been paid, when the master heard the case, is whether upon the facts found the defendant is to be charged for the use of the premises from the spring of 1881. The controlling facts on this subject are, that, in the spring of 1881, the orator let the pasture to Persey Bacon ; the defendant notified Bacon that he must pay the rent to him, and Bacon thereupon abandoned the pasture ; the defendant then or before then turned some stock into the pasture ; and the complainants understood that he had taken possession of it. After that year, no one had possession of the pasture, except the defendant, who turned in oxen, but when, or how much, did not appear. We think these facts show that the defendant, not only assumed control of the pasture in 1881, as against Bacon, but took possession

of it himself, and was thereafter accountable for the rents and profits which he ought to have received from the use of it. After what he did in 1881, if he would divest himself of liability for the use of the pasture, he should have notified the orator that he surrendered the possession to him.    No claim is made that the amount allowed by the master is too great, if the defendant is liable to account for the use of the premises during those years.    This left at the time of the decree a balance due from the defendant which he was decreed to pay to the orator and oratrix.

We think the court of chancery properly disposed of the item of $21, paid the defendant by the son of the orator.    The decree on the accounting between the parties on the facts found was correct in amount, and in form, if the bill had been formally amended to adapt it to the circumstances as they existed, when it was brought.

. II.  Can the defence prevail, because the deed was given and taken absolute in form, not only to secure the defendant for paying the Miller notes, which were about to be foreclosed, but to cover the property and prevent the creditors from troubling the orator and oratrix ?   In other words, can the defendant set up his own fraud, entered into with the complainants, to defeat their other creditors ? If he can, then the statute to prevent fraud, in equity even, can be made the means of a fraud ; for, in that case, the defendant can receive payment in full for the debt for which the deed was given, and still hold the premises conveyed as security for the payment of that debt. Secs. 1955 and 4155, R. L., both declare that fraudulent and deceitful conveyances of bonds, etc., " shall, as against the person, whose right, debt or duty is so intended to be avoided, his heirs, or assigns be utterly void."

These provisions of the statute, have, at common law, and generally, been held to make the contracts good and enforceable between the parties and only void as to creditors whose right, debt or duty is attempted to be avoided.    The opinion in *Carpenter* v. *McClure*, 39 Vt. 9, is a full and careful consider-

ation of this subject. That case holds that a note given for such a purpose between the parties was valid and enforceable at law. In the case at bar the contract between the parties, as found by the master, is a mortgage, and he has further found that the complainants have paid it in full. They are entitled to the premises freed from any claim, on the part of the defendant; for that was the legal effect of the contract, between them. Under the decisions of this court, the deed though absolute in form, could be shown, as between the parties, to be a mortgage. Without objection or exception, the deed in this case was shown to be only a mortgage between the parties. It was valid as such between them though void as to any other creditors of the complainants. It was valid between them as mortgage and will be enforced as such, especially, when a refusal to enforce it as such, under what had been done under it, would make it an operative fraud in the hands of the defendant, upon the orator, or allow him to take advantage of his own fraud upon others, to defraud the orator and oratrix.

III. The defendant claims that the decree was erroneous in regard to costs. This court rarely disturbs a decree in chancery solely on the question of costs. Costs in chancery are largely in the discretion of that court, dependent upon the circumstances of each case. We should be slow to reverse a decree upon a question of costs alone. This court has not been furnished with a copy of the defendant's answer; but the decree plainly indicates that, in that the defendant claimed to hold the premises for debts which were not secured on them, and that he failed in the defence he undertook, and for that reason was refused costs and the orator allowed costs on the false issues which he raised in his answer. If this was so, the court properly refused him costs and allowed the orators costs.

Decree of the Court of Chancery is affirmed and cause remanded, with right in the orator to ask leave to amend his bill in the particular indicated on such terms, if any, as the Court of Chancery may impose.