76  255
106  150
76  255
114  619

RICHARDSON v. BLINKIRON.

1.  **Appeal:** PRACTICE : BILL OF EXCEPTIONS MADE IMMATERIAL. Where appellee files an additional abstract setting out evidence which he claims the appellant omitted from his abstract, it will be presumed, in the absence of a denial by appellee, that both abstracts together contain all the evidence, and a motion by appellee to strike the bill of exceptions from the files because it was filed too late in the trial court will be overruled.

2.  **Voluntary Payment:** OF ANOTHER'S DEBT : RECOVERY.  One who, as a mere volunteer, pays another's debt cannot recover from him the amount so paid.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 20, 1888.

ACTION to recover for money alleged to have been loaned, and for the value of personal property alleged to have been taken and used by defendant. There was a verdict and judgment for plaintiff, and defendant appeals.

*S. H. Cochran*, for appellant.

*H. H. Roadifer*, for appellee.

ROBINSON, J.—I. The appellee has filed a motion to strike from the records the bill of exceptions filed by defendant, on the ground that it was not filed in the district court within the time limited by the agreement of parties. Appellee has filed an additional abstract, in which he sets out evidence alleged to have been omitted from appellant's abstract. It is not denied that all the evidence introduced on the trial is now before this court in the two abstracts submitted. Under these circumstances, the motion to strike must be overruled. *Conners v. Burlington, C. R. & N. Ry. Co.*, 74 Iowa, 383.

1. APPEAL: practice: bill of exceptions made immaterial.

II. The plaintiff sought to recover of defendant the sum of $910. The defendant pleaded a counter-claim. The jury found that plaintiff was entitled to a credit of $485 for the property taken by defendant; and that the latter was entitled to a credit of $225.50 on account of items set up in his counter-claim. A verdict was returned in favor of plaintiff for $259.50, and judgment was rendered for that amount. Appellant complains of the disallowance of his claim for $468.10 paid upon a judgment for which he insists plaintiff was liable. It appears that defendant had a mortgage on a pair of mules, and that he put the mules into the possession of his son, John C. Blinkiron. Plaintiff's wife brought

an action against the son for these mules, and recovered a judgment against him, and the $468.10 in controversy was paid in satisfaction of that judgment. Defendant claims that he had obtained the mules through a mortgage given by plaintiff; that, while John C. Blinkiron was the nominal defendant, plaintiff was the real defendant, and verbally agreed with defendant in this case that, if he would go on his bond and furnish the money, he (Richardson) would make it good. The record of the case shows that judgment was rendered against J. C. Blinkiron alone. The bond referred to by defendant is not shown. Plaintiff denies that he was a party to, or had any interest in, that action, and denies that he ever authorized defendant to pay the judgment thereon, and denies that he ever agreed to make good the amount so paid. It was for the jury to weigh their conflicting evidence, and decide as to the truth of the matter. Evidently the verdict cannot be disturbed for want of evidence.

III. Appellant complains of the refusal of the court to give two instructions asked by him. The first one so asked and refused was given, in

2. VOLUNTARY payment: of substance, in the charge to the jury. The another's debt: recovery. second instruction refused was as follows:

"If Luke Richardson was the real party in interest in the case wherein the $468.10 was paid, and defendant paid said judgment, then defendant is entitled to the amount so paid, regardless of any agreement on plaintiff's part to pay it." There was nothing in this case which made that instruction a proper one. Defendant testified that he had never taken from his son any assignment of his claim against the plaintiff; hence, if the plaintiff had never authorized the payment, nor agreed to reimburse the defendant for it, there was no obligation, expressed or implied, on the part of plaintiff, to pay anything on account of it; for in that case defendant was a mere volunteer, who paid his money without right to demand repayment.

IV. Appellant complains of portions of the charge

given by the court, and of special interrogatories sub-
mitted to the jury. The questions thus raised are not
of sufficient importance to justify an extended mention
of them. It is sufficient for us to say that, in our
opinion, the jury were fairly instructed in regard to the
issues, and that the interrogatories submitted were
proper. The judgment of the district court is

AFFIRMED.