# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1891.

---

HARRILL *v.* STAPLETON.

Decided June 6, 1891.

1. *Improvements—Mortgagees.*

In an accounting of rents by mortgagees in possession they are entitled to credit for improvements erected by them on the land with the consent of the mortgagors, but not for improvements on the land when they took possession.

2. *Rents—Mortgagees in possession.*

The mortgagees should be charged with rents from the time they came into possession until the account is closed.

3. *Practice—Master's report.*

The master refused to charge the mortgagees with waste committed in cutting trees on the land, the only evidence of the value of which was the testimony of certain witnesses that they would not permit good shade trees on their own lots to be cut for sums named. *Held,* The evidence was so indefinite that the confirmation of the master's report will not be disturbed.

APPEAL from *Faulkner* Chancery Court.

DAVID W. CARROLL, Chancellor.

*P. H. Prince* for appellants.

1. The deed was a mortgage, and the court properly so decreed. 38 Ark., 207 ; 39 *id.*, 377 ; 40 *id.*, 146.

2. It was error to limit the master to the depositions on file ; to charge Mrs. Harrill, the heir, with the amount paid, and make it a lien on the land ; to charge appellants with improvements other than those for the preservation of the property ; to refuse to charge for waste ; and to limit the rent to three years. 30 Ark., 520 ; 36 *id.*, 17 ; 38 *id.*, 285 ; 40 *id.*, 275 ; 42 *id.*, 422 ; Jones, Mort., sec. 1127 ; Mansf. Dig., secs. 2645-6-7-8. This case is not within the betterment act. *Ib.*, sec. 2644 ; 45 Ark., 410 ; 46 *id.*, 33 ; 47 *id.*, 62 ; 49 *id.*, 528 ; 51 *id.*, 275 ; 48 *id.*, 183.

3. It was error to allow appellees for improvements on the lots when they entered and which they did not make.

*J. H. Harrod* for appellee.

1. The evidence was all in, nothing to do but make the calculations ; and this the court properly instructed the master to do upon the depositions on file. 53 Ark., 575.

2. Mrs. Little was bound by her contract as to improvements, and Mrs. Harrill satisfied the contract with full notice. 53 Ark., 564.

3. No damage by waste is proven.

4. Appellees were only liable for three years' rent. Appellees believed themselves to be the owners. Mansf. Dig., sec. 2644.

5. The court properly struck out the $200 for original improvements charged to appellees.

HEMINGWAY, J. This was a suit by the widow and heir at law of E. W. Little to redeem two improved town lots held by the defendants under a deed absolute in form, but which it is alleged was a mortgage, executed by Little in his lifetime. The court below found that the deed was in fact a mortgage, and decreed that the plaintiffs might redeem upon paying a stated balance found due upon the mortgage. The defendants have not appealed from the decree estab-

lishing plaintiff's right to redeem, and the only questions arise upon the plaintiff's objections to the statement of the account.

The allowance to the mortgagees included the value of all improvements on the property at the time the account was stated; and as the lots were improved when they entered, the allowance gave them pay for improvements they had not made. It is contended that this was erroneous: first, because being mortgagees they were not entitled to pay for improvements; and, second, because if entitled to such pay, it would not include improvements on the property at the date of their entry.

Upon our view of the evidence the first objection may be disposed of without considering the legal questions argued. The widow testified that she agreed that the mortgagees should be paid for improvements placed on the lots, and that she told the heir of it. The improvements were made under this agreement, with their full knowledge and without objection upon the part of either of them, and a proper credit should be made for them.

1. Improvements.

The second ground of objection we think is tenable. As the allowance included the value of a house and other improvements on the land when the mortgagees went into possession, we think the court erred in fixing it. A witness of apparent fairness and intelligence, introduced on part of the mortgagees, testified that the present value of the lots and improvements was $350; the widow and the mortgagees agreed, before the mortgagees entered into possession, that the lots as they then stood were worth $175. There is no proof to show that they were mistaken in their estimate; and if we adopt it and deduct it from the present value, we ascertain the value of improvements made by the mortgagees, $175. This, as nearly as can be ascertained from the proofs, is the amount for which the mortgagees should have a credit on account of improvements.

We think the proof justified the court's finding that the rental value of the property was five dollars per month;

2. Rents.

but the mortgagees should be charged with that sum from the date of their entry to the time the account closes, and the charge should not be limited to three years before stating the account. *Jefferson* v. *Edrington,* 53 Ark., 570.

3. Master's report presumed correct when.

The master refused to charge the mortgagees with waste committed in cutting trees standing on the lots, and the court decreed accordingly. This it is now contended was erroneous. The evidence upon this point is very unsatisfactory. No witness testified that cutting the trees lessened the value of the land, but the evidence in a general way was that the witnesses would not permit good shade trees on their lots cut for sums named, and this without reference to the value, situation or use of the lot. It is apparent that the destruction of a shade tree would damage one lot much more than another, and the master perhaps found that he could make no intelligent estimate of the damage in this case from proofs so general and indefinite. The mortgagors made no exception to the master's report in this regard, and the court confirmed it; as it does not satisfactorily appear, from the report or the evidence in the case, that this was erroneous, we cannot disturb it. Mansf. Dig., sec. 5272.

The decree should have credited the mortgagees as reported by the master, except that for all improvements the credit should have been $175; it should have charged the mortgagees with rent at the rate of sixty dollars a year from December 1, 1884, down to the time of closing the account.

For error indicated in stating the account the judgment will be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.