F. F. GLEISER, Appellant, v. JOHN McGREGOR *et al.*, Appellees.

1. **Appeal From Part of Decree in Equity Cause.** An appeal may be taken from a specific portion of a decree in an equity cause triable *de novo* in the supreme court.

2. **Conveyance by Deed Absolute as Security**: POSSESSION BY GRANTEE: REDEMPTION: RECOVERY FOR IMPROVEMENTS. Where a grantee of lands, under a conveyance intended as security, entered into possession, and, with the knowledge and consent of the grantor, made valuable improvements thereon, *held*, in an action brought by the grantor to redeem said lands from said conveyance, that the grantee was entitled to recover, in addition to the debt thus secured, the actual value of said improvements, unless the cost was so great as to indicate that the grantee intended thereby to prevent redemption.

3. ———: TIME FOR REDEMPTION. An allowance of six months in such case within which the grantee may redeem under the decree of the court is not unreasonable.

*Appeal from Crawford District Court.*—HON. J. P. CONNER, Judge.

MONDAY, MAY 23, 1892.

*Shaw & Kuehnle,* for appellant.

*Charles Mackenzie* and *E. H. Swasey,* for appellees.

KINNE, J.—In September, 1882, the plaintiff was the owner of a certain tract of land under a contract of purchase, on which a payment had been made. He and his wife assigned the contract to the defendant, John McGregor, who thereafter paid the balance due upon the contract, and took a deed to the land in his own name. The plaintiff also owned one hundred and twenty acres of land adjoining the tract above mentioned. This one hundred and twenty acre tract was incumbered by mortgages to several parties. In 1884

the plaintiff and his wife, for the nominal consideration
of one dollar, quitclaimed this land to the defendant.
In 1886, plaintiff removed from the premises last above
mentioned, and the defendant, John McGregor, entered
into possession of them, and has ever since retained
such possession.   The plaintiff claims that the assign-
ment of the contract, and the execution of the quit-
claim deed to the defendant, were made for the purpose
of securing an indebtedness of the plaintiff, which said
defendant had become responsible for, as well as for
future sums which were to be advanced by the defend-
ant.   The defendant first admitted that the contract
and deed were made for the purpose of security only,
but afterwards claimed absolute title to the land.   The
plaintiff seeks to redeem the land, compel a reconvey-
ance, and have an accounting of rents and profits
received by the defendant.   The defendant asks com-
pensation for improvements made on the land, alleges
that they were made in good faith, supposing he was
the owner.   The court below found the defendant held
the land as security, allowed him the amount the plain-
tiff owed him, and for taxes paid, and the actual value
of improvements made, with interest thereon; charged
him with rental value of the premises, with interest
thereon, and made an order fixing the time within
which redemption should be made.   The plaintiff
appeals from the accounting, as well as from the find-
ing as to rents, value of the improvements, and time
fixed for redemption.

I. The appellees contend that the appeal should be
dismissed, as only a part of the decree is appealed from.

1. APPEAL from part of decree in equity cause.
The case of *Sherwood v. Sherwood*, 44
Iowa, 192, is referred to in support of
this claim.   An examination of that case,
however, fails to show that this question was there
raised or determined.   There is no reason why one in
an equity case triable *de novo* in this court may not

appeal from "a distinct and specified portion of the the judgment." *Andrew v. Concannon*, 76 Iowa, 255. The appeal in this case is from that part of the decree mentioned, and is properly taken.

II. The question as to the effect of the contract and deed—whether the defendant under them took an absolute title, or simply held them as security—is not raised by this appeal.

III. We have carefully examined the accounting made by the district court, and find it fully justified by the evidence. The principal contention of the appellant is that the defendant should not be allowed the cost of improvements put upon the land, but only for the amount that such improvements have actually and really augmented the value of the property. Such · is undoubtedly the rule as applied to occupying claimants. *Parsons v. Moses*, 16 Iowa, 440; *Childs v. Shower*, 18 Iowa, 275; *Welles v. Newsom*, 76 Iowa, 85. But this proceeding is not brought under that law. That law contemplates an action, as therein provided, for improvements by the party in possession of the land, and who has in a proper action been found not to be the rightful owner of it. Code, sections 1976–1987. Hence, the rule as to the valuation of improvements in such cases has no application in a case like the one at bar.

This is an action to redeem, not under the statute, but based upon the fact that the transaction between the parties amounted in law to a mortgage of the real estate in controversy. 1 Jones on Mortgages, section 342. We know of no fixed rule in such cases for determining the amount which must be paid in redemption, further than that the one seeking to redeem must pay the obligation for which the instrument stands as security. But the facts in the case at bar are peculiar. Ordinarily, the grantee in such a case does not enter into

*[margin note: 2. CONVEYANCE by deed absolute as security: possession by grantee: redemption: recovery for improvements.]*

possession and occupancy of the premises conveyed; but here he did, and for some time enjoyed the rents and profits arising from the land. He also paid the taxes and certain incumbrances. He built a house, barn, fences, and made other improvements; in all aggregating a considerable sum in value. It appears from the evidence that all these. improvements were made with the plaintiff's knowledge and consent, and some of them in accordance with his expressed desire. Having virtually consented to the improvements, there is no reason why the plaintiff should not be held to account for what they cost, in the absence of evidence showing that the cost was so great as to indicate that the defendant intended thereby to prevent any redemption.

III. There was no error in the action of the court below in allowing only six months to the plaintiff in

**3. ——: time for redemption.** which to redeem. So far as it appears from the record, the time allowed was reasonable. This redemption, not being made under the statute, is not governed by the time therein fixed. The judgment and decree of the district court is AFFIRMED.