INA E. RYER *vs*. JOHN MORRISON.

PROVIDENCE—JANUARY 6, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Redemption of Mortgaged Property. Unwarranted Defence. Complainant's Costs.*

As a general rule, the successful complainant in a bill to redeem mortgaged property does not recover costs, but pays costs to the respondent. If, however, respondent sets up an unwarranted defence, or hinders the prosecution of the bill, he may be not only deprived of his costs, but, in the discretion of the court, may be required to pay costs to the complainant.

BILL IN EQUITY to redeem mortgaged personalty. Respondent, the assignee of the mortgage, claimed title to the

property by reason of a purchase thereof by himself at a foreclosure sale under the power contained in the mortgage. After decision for the complainant, further heard on question of costs.

(1) PER CURIAM. Though the general rule in regard to costs, on a bill to redeem, is that the complainant, instead of recovering costs, pays them to the respondent, even if successful in the suit, yet when the respondent sets up an unwarranted defence or one which wholly fails, and thereby makes expense and delay in prosecuting the redemption, the respondent may not only be deprived of his own costs but may, in the discretion of the court, be required to pay the complainant's costs. 2 Jones Mort. 4 ed. § 1111 ; *Barton* v. *May*, 3 Sandf. Ch. 450 ; *Still* v. *Buzzell*, 60 Vt. 478; *Turner* v. *Johnson*, 95 Mo. 431 (454). In the present case the respondent denied the complainant's right to redeem and set up in defence an unlawful sale of the property, thereby rendering it necessary for the complainant to file her bill, and hindering and delaying her in its prosecution. Our opinion is that she is entitled to recover her costs, to be taxed by the clerk.

*Franklin P. Owen and Irving Champlin*, for complainant.
*John W. Hogan*, for respondent.