LYNCH, Appellant, vs. RYAN and others, Respondents.
LYNCH, Respondent, vs. RYAN, imp., Appellant.

*October 23—November 10, 1908.*

*Mortgages: Expenditures by mortgagee in possession: Taxes: Repairs: Permanent improvements: Reimbursement: Redemption: Basis of reimbursement: Evidence: Accounting: Interest: Insurance: Services: Costs.*

1. The general rule is that a mortgagee in possession is entitled to reimbursement by the owner of the right of redemption for his reasonable expenditures to preserve the property, such as taxes,

repairs, and the like, but not outlays for permanent improvements.

2. If a mortgagee in possession makes permanent improvements of the property with the approval of the mortgagor, or which are necessary to the proper and profitable use of the property and without objection by the mortgagor, he is entitled to be equitably reimbursed therefor by the latter as a condition of his exercising the right of redemption.

3. Where a mortgagee should be reimbursed as aforesaid the proper basis of compensation is the reasonable cost.

4. Evidence showing that repairs or improvements of mortgaged property were made as a judicious owner would make the same in caring for his own property is sufficient, *prima facie*, to show that the charges therefor are reasonable.

5. In an accounting between a mortgagee in possession and the mortgagor there should be no rest resulting in compounding interest. It is proper to close the account at the end of each year; striking a balance between debit and credit items, excluding the original debt and interest thereon, any balance in favor of the mortgagee after discharging the interest to be added to the principal and any balance in favor of the mortgagor going in reduction thereof.

6. If a mortgagee in possession is not allowed expenditures in making permanent improvements of the property which increase its value and is charged with the rental value of the property as improved, he should be given credit with interest on the reasonable cost of the improvements, unless such cost exceeds the enhanced value of the property, in which case he should be credited with interest on such enhanced value.

7. If a mortgagee in possession incurs expenses for insuring buildings thereon against loss by fire, he should be allowed credit therefor.

8. A mortgagee in possession is not entitled to credit for services in supervising the property.

9. In an accounting between mortgagor and mortgagee where there is an annual closing, interest on the items down to the time thereof should not be charged or credited.

10. As a general rule, in an action by a mortgagor against the mortgagee in possession to establish his right of redemption and for an accounting, the defendant should recover costs notwithstanding plaintiff prevails.

11. In such an action as above mentioned if the defendant is at fault, rendering expensive litigation necessary to establish plaintiff's right to redeem, the plaintiff may, in the discretion of the court, be allowed costs.

12. Generally in a suit for redemption of mortgaged property and
     for an accounting if the circumstances are exceptional, war-
     ranting the imposition of costs upon the defendant, recovery
     should be contingent upon plaintiff exercising his right of re-
     demption, but under exceptional circumstances whereby the
     plaintiff by defendant's wrong is put to very burdensome ex-
     penses to establish his right, the recovery of costs may properly
     be made absolute.
        [Syllabus by MARSHALL, J.]

APPEALS from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed on both
appeals.*

Equitable action to have a deed, under which defendant
*Ryan* had claimed and been possessed of a farm property for
several years, declared to have conveyed to him only a mort-
gage interest and plaintiff adjudged to be entitled to redeem
from the incumbrance as owner of the legal title, and to com-
pel said defendant to account as mortgagee in possession
under the rules applicable to the situation, to the end that
the amount might be ascertained which he was equitably en-
titled to receive from plaintiff to extinguish the mortgage
lien and said defendant's other legitimate claims against the
property.

Such proceedings were duly had in the action that defend-
ant *Ryan* obtained judgment dismissing the complaint with
costs, which was reversed on appeal to this court, plaintiff
being sustained as to the relations of the parties to the prop-
erty, and the cause being remanded for the accounting and
other necessary proceedings to settle the rights of the parties.
The case on the first appeal is reported in 132 Wis. 271, 111
N. W. 707, 112 N. W. 427.   An accounting was had pur-
suant to the decision aforesaid.   The general result was as
follows: During the time defendant *Ryan* occupied the prop-
erty he knew his only interest therein was that of a mort-
gagee.   His possession commenced about March 1, 1899,
and continued down to the accounting, during which time he
enjoyed the rents and profits of the property, and expended

money for taxes levied thereon, interest upon prior incum-
brances, repairs and improvements of the property, and per-
formed labor in that regard as indicated in the account.      All
repairs and improvements, except enlarging the barn, were
made with the knowledge and approval of plaintiff and were
necessary to the profitable management of the property.
Two hundred and ninety-seven dollars was expended in en-
larging and improving the barn, $175 of which was for the
enlargement.      The annual rental value of the land was $400
per year.      Defendant *Ryan* is entitled to credit for expendi-
tures for improvements made with plaintiff's consent, for all
necessary repairs, including his own labor in that regard, for
interest on the original debt to him and for interest and taxes
paid, and he is chargeable with the rental value of the farm.
He is not entitled to credit for personal care and supervision
of the property.      The account should be stated by striking a
balance March 1, 1900, between the credits *Ryan* was en-
titled to, interest upon the original debt and the rental value
of the property, and in like manner a balance for each year
thereafter down to the time of closing the account March 1,
1908, and then crediting him with his principal claim, and
with the balance found in his favor and interest on each from
the date thereof to that of closing the account, and charging
him with the balance in plaintiff's favor with interest from
the date thereof to that of closing the account.      The result of
such accounting is that *Ryan* March 1, 1908, was in credit
$1,612.94, as shown in the itemized statement.

The court, not being able to determine definitely from the
evidence what items were for repairs and what were for im-
provements, deducted from his credits for the first period,
which included the expenditures for enlarging the barn, the
$175 found to be the extra expenditure for the enlargement.

Plaintiff was held entitled to costs up to the time of the
accounting, the amount thereof to be deducted from that
found due defendant, in case of the right of redemption be-
ing exercised within the time allowed, otherwise that pay-

ment be enforced by execution.   Neither party held entitled to costs of the trial as to the accounting.

In accordance with the foregoing judgment was ordered. and rendered in plaintiff's favor, he being allowed one year from and after March 1, 1908, to redeem the property by paying the amount due *Ryan* in accordance with the findings, with interest, and in case of an appeal two months after filing of the *remittitur,* and in case of the right of redemption not being exercised within such time plaintiff was foreclosed of all interest in the property.

Numerous exceptions to the findings were filed by both parties and each appeals from the judgment.

For the plaintiff the cause was submitted on the briefs of *Ruger & Ruger.*

For the defendant there were briefs by *M. G. Jeffris* and *Edward H. Ryan,* attorneys, and *M. O. Mouat,* of counsel, and oral argument by *Mr. Ryan* and *Mr. Mouat.*

MARSHALL, J.   The greater part of the briefs of counsel on both appeals is taken up in discussing the findings that all the repairs and improvements of the mortgaged property charged for by defendant in his account, except the enlargement of the barn, were made by him with the knowledge and approval of the plaintiff and were necessary to the profitable management of the farm; that such enlargement required an expenditure of $175 out of a total of $297 paid for repairing and rebuilding the barn; that defendant knew from the beginning of his possession his sole interest in the property was by virtue of a second mortgage he owned thereon; and that the rental value of the property during such possession was $400 per year.   Notwithstanding very positive claims made upon the one side or the other that some or all of these findings are unsupported by evidence, as we read the record, there is credible evidence as to each matter and no clear preponderance of evidence against the conclusion arrived at by the trial court in regard to either of them.   It is

considered better to rest this branch of the case with this statement of the court's opinion than to go at length into a discussion of the evidence.

In view of the fact as indicated, supported as we think it is by the decision upon the former appeal and the undisputed oral and written evidence, that defendant incurred the expenses charged in his account with knowledge of his interest in the property and with the approval and consent of plaintiff, with the exception mentioned, we may pass as immaterial the complaint that evidence was permitted on the part of the defendant that he believed, prior to the judicial determination to the contrary, that he was the true owner of the property and the argument made on the subject of whether he acted in good faith as such owner in making the expenditure, and that a mortgagee in possession is not entitled to reimbursement for permanent improvements of the property as a condition of the mortgagor being permitted to redeem.

While it is true, generally speaking, that a mortgagee in possession is only entitled to be reimbursed by the holder of the right of redemption for his reasonable expenditures for preserving the property, such as taxes, repairs, and the like, not including permanent improvements, he is entitled in addition to be compensated for his reasonable outlays in making such improvements as such holder approves and consents to. That exception to the general rule is as well established in the law as the rule itself and is just as well grounded in principles of equity upon which such rule depends. 2 Jones, Mortgages (6th ed.) §§ 1127, 1128; 2 Pingrey, Real Prop. § 970; 27 Cyc. 1266, and cases cited. *Gleiser v. McGregor,* 85 Iowa, 489, 52 N. W. 366, is a good type of the adjudications on this subject. The instrument creating the mortgage interest was in the form of an absolute deed and the circumstances were quite similar to those in hand. In disposing of the matter as to the improvements the court said:

"Having virtually consented to the improvements, there is no reason why the plaintiff should not be held to account

for what they cost, in the absence of evidence showing that the cost was so great as to indicate that the defendant intended thereby to prevent any redemption."

To the same effect are *Harrill v. Stapleton,* 55 Ark. 1, 16 S. W. 474, and many other cases that might be referred to. *Merriam v. Goss,* 139 Mass. 77, 28 N. E. 449, is to the effect that a mortgagor is liable to reimburse his mortgagee in possession for the latter's expenditures for reasonable improvements when, having knowledge of their being made and intending to redeem, he makes no objection.   That is particularly in point in a case like the one before us, characterized as it is by circumstances well calculated to produce serious doubt, at least, in the mind of the mortgagee as to whether the right of redemption will ever be exercised.

There is another exception to the general rule as to allowing a mortgagee in possession compensation for improvements, which is applicable here by reason of the finding that the improvements in question were reasonably necessary for the profitable management of the farm.   That exception is this: Where possession by the mortgagee is under agreement and the improvements are necessary to the "judicious and proper management of the property" (*Rowell v. Jewett,* 73 Me. 365), or as stated in *Wells v. Van Dyke,* 109 Pa. St. 330, where they "were necessary and beneficial for the proper use of the property."   That exception, manifestly, does not apply where there is not at least consent by not objecting; not under any circumstances where there is a protest against the expenditure.

There is no difficulty with the trial court's disposition of the case because of there not being any finding as regards the extent to which the improvements were beneficial to plaintiff. That, ordinarily, is the equitable limit of recovery, but not so where the making of the improvements was authorized or consented to.   In that case the legitimate basis is the reasonable cost, the same as in case of repairs.   *Merriam v. Goss, supra.*

Neither is there any serious difficulty because of absence of any finding that the expenditures for that which was done were reasonable. The parties proceeded from first to last in the accounting upon the theory that if it were proper to make the repairs and improvements at the expense of the mortgagor, the expenditures to that end were reasonable. Moreover, the evidence pretty clearly shows, without controversy, that defendant proceeded in the matter as a judicious owner would in caring for his own property, which is sufficient of itself to show that the charges for repairs and betterments were reasonable, in the absence of any evidence to the contrary.

What has been said brings us to the accounting. The court was not able from the evidence to distinguish definitely between defendant's expenditures for repairs and those for improvements, but that is not very serious, since, in view of the consent and approval found, all are on the same basis, except the outlay for enlarging the barn. True, since the court found the enlargement was not consented to and, as we understand it, was not really necessary for the beneficial use of the farm, it was necessary to eliminate from the account all matters in that regard. That was not done by specification of particular items, but was as to the aggregate with substantial justice between the parties in our judgment.

The account was stated by crediting defendant with interest on his mortgage indebtedness and his disbursements down to March 1, 1900, the most convenient time in the judgment of the trial court for a first settlement after the possession commenced, and crediting him expenditures for interest paid on the first mortgage, taxes levied upon the property, and repairs and improvements, and charging him for the rental value of the farm to that date, and the $175 included in the items of credit covering the cost of enlarging the barn, and striking a balance, and proceeding in like manner for each year down to the final settlement March 1, 1908, making

eight yearly statements in all.    Then accumulating the several balances and interest on each from the date thereof down to such final date and the original indebtedness into a final statement of debits and credits and striking a balance.    In this way the amount found due the defendant at such final date was $1,612.94.    With the exceptions hereafter noted the manner of the accounting is fully sanctioned by *Martin v. Morris,* 62 Wis. 418, 22 N. W. 525, though the better way would have been to have taken an account of the debit and credit items, exclusive of the interest on the original indebtedness, for the first period, and in case of the balance being in favor of the mortgagee, deducted therefrom the interest on the original indebtedness down to such date and added the residue, if any, to the principal, and then computed interest thereon down to the end of the second period and treated the same as before, in case of there being again a balance between the debit and credit items in favor of the mortgagee sufficient to cover the interest, and, if not, carried the deficiency forward to be added to the interest for the third period, and thus proceeded to the end, avoiding compounding interest and reducing the principal indebtedness at the end of any period, in case of there being a balance between the debit and credit items in favor of the mortgagee after deducting interest, and increasing such principal in case of the residue being the other way.

These fundamental rules are to be observed in an accounting of this sort: There should be no rest resulting in a compounding of interest nor any other than such as equity requires.    Any balance in favor of the mortgagor between debit and credit items after discharging the interest should be added to the principal, and any balance between such items after discharging the interest in favor of the mortgagee should go in reduction of the indebtedness.    In this case the balance was in defendant's favor for each of the first four years and for all except the second thereof such balance was

for a sum in excess of interest on the indebtedness. The result of crediting defendant, as was done, with interest on those balances which included interest, was to give him the benefit of full compound interest for each of the three years and likewise for the other year as to the difference between the accrued amount and the balance between the credit and debit items as the court made up the account, which balance only should have been applied upon the interest and the residue of interest carried forward as above indicated. The amount of these errors has been carefully determined and make a substantial sum to be charged to defendant in correcting the final balance.

Again, for each of the last four years there was a small balance in favor of the plaintiff. Charging such balance to defendant with interest from the date of each down to the time of closing instead of applying the same in reduction of the indebtedness, resulted in a small error in plaintiff's favor. Again, the court credited the defendant each year with interest upon the interest paid on the outstanding mortgage from the date of the payment down to the closing of the account for that year; to that extent swelling the balance in favor of the defendant at the end of the year upon which interest was computed down to the closing of the account, thus compounding the interest, resulting in a further error to a small amount in defendant's favor for such compounding, and a further error in allowing interest upon the interest item before the close of the current year.

On the other hand, since defendant was charged with the full rental value of the farm as improved by the reconstruction and extension of the barn, he is obviously entitled to interest on the cost for the enlargement from the end of the year in which the same occurred down to the closing of the account. True, it has been held that a mortgagee in possession who is allowed to recover for improvements should not be permitted to have credit for interest thereon, since he has

the use thereof (*Hadley v. Stewart,* 65 Wis. 481, 27 N. W. 346), but by the same principles of equity where he is charged the full rental value of the property as improved, but not allowed for the improvements, he should be given credit, at least, for interest upon the reasonable cost thereof. So the court here, equitably, should have credited defendant with seven years' interest upon the cost of the barn, exclusive of the repairs.

We note that notwithstanding the learned court decided that all of the improvements made by the defendant were consented to by plaintiff and that they were necessary to the profitable management of the farm, except as to the $175, it disallowed items for fruit trees and setting the same out and for reseeding the orchard, aggregating $17.50. It is the opinion of the court that credit for that amount should have been allowed for the year in which the expenditure was made. We must assume that it was an oversight in not doing so.

There was a charge for $2.50 for insurance on the property, paid in 1902, which was disallowed. It is believed that in the light of modern ideas in respect to the reasonable care of property by one in possession thereof in the nature of trustee for another, having a duty or authority to preserve the same, reasonable expenditures for insurance are as legitimate as such expenditures for repairs and to prevent loss by decay or destruction otherwise.

The aggregate of the corrections in plaintiff's favor and those in defendant's favor in accordance with the foregoing shows that the one substantially balances the other. There is not enough difference in view of the nature of the account to take the matter out of the field of *de minimis non curat lex.*

Some other objections to the account made upon defendant's appeal may well be briefly disposed of. There is one that the defendant should have been allowed credit for the

reasonable value of his services in making several trips to the farm to look after the same and a sum per year for five years for supervision. That is ruled in favor of plaintiff by the familiar principle that in such an accounting charges for supervision are not allowable. 2 Jones, Mortgages (6th ed.) § 1132. That there are exceptions to that general rule may be true, but there are no special circumstances here sufficient to require any variation of the ordinary method.

There is a further claim to interest on items of expenditure during each of several years down to the following March 1st, upon the assumption, we take it, that there was no income from the property to provide therefor till that time. Obviously, there was no fixed date when the rent became chargeable. It was accruing day by day as the items of expense became chargeable, and equitably the one so far offset the other that for convenience and as the most practicable method and the usual one for an equitable adjustment, all items of debit and credit for each particular year were brought down to the end thereof without interest, for a determination of the condition of things between the parties at that time.

It is urged upon defendant's appeal that the general rule in an action of this sort is that defendant is entitled to costs notwithstanding plaintiff recovers. Such we recognize as being the general chancery practice (17 Ency. Pl. & Pr. 975, and cases cited), but as is usual there are important exceptions. One of them exactly fits this case, viz.: When defendant is clearly at fault in the litigation to the plaintiff's prejudice by denying his right of redemption and compelling him to establish it by protracted and expensive litigation, he has no equitable right to costs or to be relieved from paying costs. *Wells v. Van Dyke,* 109 Pa. St. 330; *Still v. Buzzell,* 60 Vt. 478, 12 Atl. 209; *Hills v. Loomis,* 42 Vt. 562; *Ryer v. Morrison,* 21 R. I. 127, 42 Atl. 509; *Barton v. May,* 3 Sandf. Ch. 450; *Turner v. Johnson,* 95 Mo. 431, 454, 7 S. W. 570;

2 Jones, Mortgages (6th ed.) § 1111, and cases cited. The rule deducible from these authorities and many others that might be referred to is this: While, generally speaking, in case of a suit for a redemption of mortgaged premises, even though plaintiff recovers, the defendant should be allowed costs, in case of an unwarranted defense, especially of a denial of the right of redemption *in toto,* causing delay and expense in establishing such right, the defendant may not only be denied costs but be adjudged to pay costs to his adversary. That principle, which was well grounded in chancery, is fully preserved in our statutory system, since it provides that the costs in equity cases may be allowed or disallowed in the discretion of the court. The court's discretion was wisely exercised as to the main issue and was at least permissibly exercised in not allowing costs to either party on the trial as to the accounting, since there were many claims on each side as to matters of fact as well as of law which could not receive approval. 2 Jones, Mortgages (6th ed.) § 1112.

Serious complaint is made because the award of costs to the plaintiff was absolute. It may well be that, ordinarily, where in a case of this sort costs are adjudged to the plaintiff they should be contingent upon the right of redemption being actually exercised, but it is considered that such rule is not without its exceptions, though it may be said there should be some rather extraordinary circumstances to justify making the mortgagee pay costs regardless of the right of redemption being exercised. However, where, as in the instance before us, the right of redemption is denied and the burden of establishing it is very great; the contest in regard to the matter and the final accounting requiring several trials in several courts, covering a period of several years, attended with expenses so great that the magnitude of the burden may well render the right of redemption when fully established and made exercisable of little value, or, at least, its value under the circumstances very much impaired,—it is not an abuse

of judicial discretion to, so far as practicable, remedy the wrong done to the plaintiff by enforcing payment to him at all events, in the ordinary way, of costs of the trial on the main issue.

There are some other trifling matters which, as we view them, cannot in any event affect the result and do not involve any important principle of law, and, therefore, we will pass them with this brief notice. The general result of the foregoing is that the judgment as rendered does substantial justice between the parties.

, *By the Court.*—The judgment is affirmed upon both appeals. Neither party will be taxed with costs in this court in favor of the other, and each will pay one half of the clerk's costs.