JOHN M. SHIVELY and WIFE, Appellants, *v.* JAMES WELCH, Respondent.

*Appeal from Clatsop County.*

1. It is incumbent on a party, seeking relief in equity against a mistake in a writing, to establish the mistake by proofs precluding all question, and that the mistake was contrary to the intention of the parties.

2. The agreeing to make, or the making of a quit-claim deed, does not prevent or estop the maker from purchasing subsequently an outstanding title, and holding the same property.

THE history of the case is fully set forth in the opinion of the justice.

*Olney & Elliott*, for appellants:
Jurisdiction of courts of equity over questions of mistake. (*Story Eq. Jur.*, volume 1, sections 151, 152, 155, 159; *Story Eq.*, volume 2, sections 783, 784, 790, 1040, 1057.)

*W. Lair Hill*, for respondent:
On same point. (*Hunter* v. *Bilyew*, 30 *Ill.*, 248; *Lawyer et al.*, v. *Hovey*, 3 *Allen*, 331.)

KELSAY, J. The pleadings in this suit are the second amended complaint, the answer thereto and the replication to the answer. The complaint and answer raise two main issues: 1st. Did the appellants, on the 18th day of February, 1860,

by mistake, insert and include in the conveyance, executed by them to respondent on that day, lots Nos. 5, 6, 7, 8 and 9 of block 114, in the town of Astoria, Clatsop county, Oregon, contrary to the intention of the parties? 2d. Were the appellants the equitable owners of the lots just designated at the commencement of this suit? All the issues raised by the answer and replication are substantially those made by the complaint and answer. It is assigned as error that the Circuit Court decreed that no mistake was made by appellants on the 18th of February, 1860, in the conveyance then by them executed to respondent so far as respects lots 7, 8, and 9, in said block 114. This court having examined the transcript, find that, on the 18th day of February, 1860, Welch and Shively having, prior to that time, had a dispute respecting the title to a tract of land known as *Shively's plat, of Astoria*, in Clatsop county, undertook to adjust the difficulty by deeds and agreements to divide the land. That, by the terms of this settlement, Welch was to abandon the controversy in the land office, and Shively was to take the patent to the land from the United States government; that Shively and wife were to convey by deed to Welch and wife, such portions of the land as were by the agreement to belong to Welch; that a similar adjustment, as to a part of the tract of land, had been attempted by the parties on the 13th day of March, 1850, when each made a conveyance to the other of their respective shares. That the settlement of 1850, as far as it went, was to be the basis of the settlement of February 18, 1860, except that, in the transaction of 1860, deeds were to pass only from Shively and wife; that in the deeds of 1850, the whole of block 114 was conveyed to Welch by Shively; that as to lots 7, 8, and 9 in that block, the court finds that there was no agreement, prior to the execution of the deed of February 18th, 1860, to reserve and except these lots out of the deed, and that as regards them, that instrument cannot be charged with mistake. Hence, there was no error in the decree of the Circuit Court

in that particular. While it cannot be denied that there was some conflicting evidence in regard to lots 7, 8, and 9, being inserted in the deed by mistake, yet the weight of testimony was against that conclusion. To entitle a party to the decree of a court of equity, reforming a written instrument, it is incumbent upon him to establish the error or mistake alleged by proofs, so satisfactory in their nature as to preclude all question. Equity tolerates nothing less. Further, it must be fully shown that the part omitted or inserted in the instrument was omitted or inserted contrary to the intention of the parties. Relief will not be granted whenever the evidence is loose, equivocal or contradictory, or, when in its texture, it is open to doubts and opposing presumptions. (1 *Story Eq.*, *secs.* 155, 157; 33 *N. Y.*, 676.)

The second error assigned is as follows : Admitting no error on the first point, the court erred in not decreeing and awarding the property in said lots 7, 8 and 9 to appellants, by virtue of their purchase from Charles W. Shively, who in turn purchased them from Ezra Fisher, respondent's vender of said lots in said block. From the evidence submitted this court finds that the respondent did, in 1846, enter into a contract with Fisher to make him a quit-claim deed to the lots referred to, when he should acquire a title from the United States government; that Fisher did attempt to sell and convey said lots to Charles W. Shively on the 30th day of June, 1855 ; that in April, 1861, Charles W. Shively attempted, by deed, to convey them to John M. Shively, appellant.

It is admitted that John M. Shively became possessed of the legal and equitable title of the United States to the lots in dispute, and had the title when the appellants made the deed of 1860. Welch's contract with Fisher only bound him to make a quit-claim deed to the contested lots when he had received a title from the United States government. But the title of Welch to the lots was not acquired by him from the United States government, but from the appellants, and is not within the agreement with Fisher, nor in any manner

affected by the matters therein. Appellant is not therefore entitled to any relief against the defendant below. (2 *John. Cases*, 202.)

Finally, it is assigned that the court erred in overruling the motion, by appellants, for a modification of the decree in this suit, so that the same should be without prejudice to any other subsequent suit or proceeding, for or concerning said lots 7, 8 and 9 in block 114.

We think the court did not err in overruling the motion, first, for the reason that the lots named were not inserted in the deed of 1860 by mistake; secondly, because John M. Shively, appellant, was the grantee of the United States, and had the legal and equitable title when the appellants made the deed of 1860.

Decree is affirmed.