## LUCIEN REMILLARD ET AL., APPELLANTS, *v.* C. H. PRESCOTT ET AL., RESPONDENTS.

MISTAKE IN DEED—GRANTOR.—In order to show a mistake in a deed, it must be shown that the grantor was a party to the mistake.

IDEM—DEGREE OF PROOF.—In order to establish a mistake in a deed, it is necessary that the mistake be shown by clear and convincing proof, since the evidence must overcome the strong presumption existing in favor of written instruments, which should not be annulled by uncertain and contradictory testimony.

ESTOPPEL—PLEADING.—An estoppel, to be relied upon, must be pleaded where there is an opportunity to plead it.

APPEAL from Union County.

This is a suit in equity, originally brought by the appellants, Lucien and Edward Remillard, who claim to be the legal owners of an undivided half and equitable owners of the other half of lot No. 4, of block No. 1, in the town of Union, to compel the respondent Prescott to convey to them the undivided half of said lot 4. Prescott having subsequently begun an action to eject the appellants from lots 4 and 5, in said block, and the appellants having filed a cross-bill to enjoin said action, claiming an equitable defense as to lot 4 in both appellants, and as to lot 5 in the appellant Lucien Remillard, the two suits were, by order of the court, consolidated.

The facts alleged are in effect: That in the month of March, 1865, one A. C. Craig purchased of J. A. J. Chapman, respondent, lots 4 and 5, in block No. 1, in the town of Union, Union county, and went into the possession thereof; that thereafter, on March 3, 1865, no deed having been made by Chapman to Craig therefor, and Craig being absent from home, Prescott, acting for and in behalf of Craig, on his own motion, procured of Chapman a deed for said lots in fulfillment of said contract of purchase, but that by mistake, inadvertence, or at the solicitation of Prescott, said deed of conveyance was executed by Chapman to Prescott and Craig, when it should have been to Craig alone; that on ——, 1872, Craig conveyed, for a valuable consideration, lot 4 to respondent E. Remillard,

and E. Remillard conveyed the same to respondent L. Remillard, on ——, 1874, and on May, 1877, L. Remillard reconveyed an undivided half thereof to said E. Remillard, and that they are now the owners thereof; that Craig, for a valuable consideration, conveyed lot 5 to E. S. McComas, and McComas conveyed to L. Remillard, who is now owner of the same; that appellants and their grantors have at all times since March 3, 1865, had full and undisturbed possession of said lots Nos. 4 and 5, and claimed title and had the exclusive use and occupation thereof, Prescott having full knowledge and information thereof; that Prescott advised and procured appellants and their grantors to purchase said lots from Craig, and acquiesced in the purchase and possession thereof, with full knowledge, and acquiesced in, and received large sums of money from appellants and their grantors for buildings and improvements put upon said lots with knowledge that appellants and their grantors claimed to be sole owners thereof; that appellants and grantors have paid all taxes thereon since 1865; that lot 4 is worth one thousand dollars, and lot 5 is worth two hundred dollars; that neither appellants nor their grantors had any knowledge that Prescott claimed any interest therein, or had any title thereto; that Prescott had knowledge of each of said conveyances at the time they were made, and made no objection thereto, and has been living in and near said town of Union ever since 1865 most of the time; that he has been advised of said mistake or misdescription in said deed, and requested to rectify it, but refuses to do so; that Prescott, on March, 1878, procured a deed from one Frederick Nodine and wife to said lots 4 and 5.

Prescott, by his separate answer, denies all the material allegations of the complaint, and sets up as a further defense that in 1863 Prescott and Craig purchased lots 4 and 5, and thereafter erected buildings thereon, and occupied the same as a saloon; that defendant Prescott paid to Craig four hundred and fifty dollars towards erecting said building, and that Chapman properly executed said deed of March 3, 1865, to Craig and Prescott, and that the said

deed was duly recorded in the county records; and for a further defense that Chapman was on March 1, 1865, largely indebted to Blaumer & Rosenblat, and that said Blaumer & Rosenblat sued Chapman, and attached said lots 4 and 5 on that day; that on the sixth day of March, 1865, Chapman gave a delivery bond for the property, and Nodine and Bennington were two of the sureties thereon; that Chapman, in consideration therefor, and of the release of said property from attachment, conveyed to them, Nodine and Bennington, said lots 4 and 5, with other property; that said Bennington deeded his interest to said Nodine, and said Nodine and wife to Prescott, in January, 1878, which deeds were duly recorded.

It is also alleged as master of estoppel against the appellants that Nodine, in the fall of 1867, published a notice calling on all persons to come forward on a day mentioned, and claim any right or title they might have in any of said lots, that he was going to have them sold at public sale; but that Craig did not make any claim to them, and that the same were sold to Nodine, and that Prescott claims title to the whole of said lots 4 and 5. The appellants filed a demurrer to the separate defense in the answer, setting up title in Prescott from Chapman through Nodine and Bennington, and setting up matter in estoppel. The demurrer was sustained as to the estoppel and overruled as to the other defense. Thereupon the appellants filed their reply, denying all the material allegations in the answer. Upon the trial the court found that there was no equity in the bill, and it was therefore dismissed. From that order this appeal is taken.

*Baker & Eakin,* for appellant:

Where a person undertakes to act for another and takes a conveyance in his own name which he undertook to obtain for another, equity will consider it a trust for his principal. (6 Paige's Ch. 355; Hill on Trustees, 144.) If A. purchase an estate with his own money, and the deed is taken in the name of B., a trust results to A., and may be proved by parol. (1 Johns. Ch. 582; 6 Paige's Ch. 355; 2 Johns. Ch.

405; Lomax Digest, 200; 4 Kent's Com. 306; 2 Story's Eq. Jur. 1201, note 2; 5 Barb. 51; 21 Ohio, 547; 16 Barb. 376; 6 Or. 204.)

Where the owner of real estate suffers another to purchase the estate from a third person, and erect valuable improvements thereon under the erroneous belief that he has a good title, and intentionally conceals his title from the purchaser, he is estopped from thereafter setting up his legal title. (3 Paige's Ch. 546; 1 Johns. Ch. 354; Bigelow on Estoppel, 508.) Even though his deed is recorded. (Bigelow on Estoppel, 466, 533; 46 Texas, 371; 12 Met. 494.) A sheriff acquires no possession or title to real estate by attachment. The attachment becomes only a lien; and if released before execution issues, it leaves the title unaffected. (5 Or. 46.)

*Sterns & Balleray, and F. M. Ish,* for respondents:

To establish a resulting trust in a case like this, it is necessary to show mistake on the part of the common grantor, and *mala fides* on the part of the person procuring the deed to himself. (Lewin on Trusts, 201; *Brown* v. *Kennedy,* 33 Beav. 133; *Phillipson* v. *Kerry,* 32 Beav. 544; Kerr on Fraud and Mistake, 429.) Or a mutual mistake of the parties. (1 Perry on Trusts, sec. 186, 217; *Andrews* v. *Essex Ins. Co.,* 3 Mason, 10; *Bradford* v. *Romney,* 30 Beav. 431.) The mistake if any, must also be clearly proved and put beyond cavil, as it operates to vary a written instrument. (*Holmes* v. *Constance,* 12 Ver. 279; *Gillespie* v. *Moon,* 2 Johns. Ch. 596; *Atty. General* v. *Sitwell,* 1 Young & Collyer, 583; *Tucker* v. *Madden,* 44 Maine, 206; *Hillman* v. *Wright,* 9 Ind. 126; *Linn* v. *Balkey,* 7 Ind. 69; *Ruffner* v. *McConnell,* 17 Ill. 212.)

Or there must have been fraud and circumvention of the common grantor Chapman by Prescott in obtaining the deed. If a resulting trust is to be established on account of fraud, the fraud must be alleged, and clearly, plainly, and specifically made out. Facts constituting fraud must be alleged. (*Harding* v. *Handy,* 11 Wheat. 103; *Conway* v. *Ellison,* 14 Ark. 360; *Pendleton* v. *Galloway,* 9 Ohio, 178; *Bell*

v. *Henderson*, 6 How. Miss. 311; *Forey* v. *Clark*, 3 Wend. 637; Kerr on Fraud and Mistake, 365.)    Fraud must be clearly and distinctly proved as alleged.    (*Robson* v. *Earl of Devon*, 4 Jour. U. S. 248; *Jennings* v. *Broughton*, 17 Beav. 239; Kerr on Fraud and Mistake, p. 382–3; *Luff* v. *Lord*, 11 Jour., N. S. 50; *Parr* v. *Jewell*, 1 Kay and Johnson, 671; Hill on Trustees, 4 Am. ed. 264 and 265; *Miller* v. *Cotton*, 5 Ga. 346.)

Respondent insists that he is not estopped to assert his rights as against the appellants, for the reason that appellants had all the notice of respondents' title which the law requires to be given by the record of the deed, recorded March 4, 1865.    (3 Washb. on Real Prop. 3 ed. 72 and 292; *Flynt* v. *Anold*, 2 Met. 619, 625; *Hill* v. *Epley*, 31 Penn. St. 331; *Fisher's Ex'rs* v. *Mossman*, 11 Ohio St. 42; *Ferris* v. *Coover et al.*, 10 Cal. 589; *Davis* v. *Davis*, 26 Cal. 23.)    A party to be estopped by a statement, must have misled the party claiming the estoppel, and such party must also have acted on the faith of it.    (Bigelow on Estoppel, 492, note 4; *Garlinghouse* v. *Whitehouse*, 51 Barb. 208; Kerr on Fraud and Mistake, 132; *Dann* v. *Spurrier*, 7 Ver. 230; 4 E. D. Smith, N. Y. 296; 3 Wash. R. 75.)    And the statements claimed as working on estoppel must have been exclusively acted on, and the party must have been justifiable in so exclusively acting on them.    (Bigelow on Estoppel, 493; *McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 222.)

Matter out of which an estoppel arises must be clearly proved.    (*Prebel* v. *Conyer*, 66 Ill. 370; *Davis* v. *Davis*, 26 Cal. 23.)    An estoppel, also, when relied on and there is an opportunity to plead it, must be pleaded.    (*Brinkerhoof* v. *Lansing*, 4 Johns. Ch. 70; *Arguello* v. *Edinger*, 10 Cal. 150; *Downer* v. *Smith*, 24 Cal. 114; *Blum* v. *Robertson*, 24 Cal. 127; *Clark* v. *Huber*, 25 Cal. 593; *Flandreau* v. *Downey*, 23 Cal. 354.)

By the Court, BOISE, J.:

The appellants claim that their demurrer to that part of the answer of the respondent Prescott which sets up a conveyance of the property from Chapman to Nodine and

Bennington, and from them through mesne conveyances to Prescott, should be sustained. As this conveyance from Chapman to Nodine and Bennington was made after the deed from Chapman to Craig and Prescott, we think there is no question but what this part of the answer constitutes no defense, and that the demurrer is well taken, so that Prescott has by the pleadings no further interest in the property in dispute than that which he holds under the deed from Chapman to Craig and himself, which is an undivided half interest.

We will now consider Prescott's interest under this last named deed. The appellants allege that in March, 1865, A. C. Craig purchased these lots of J. A. J. Chapman; that thereafter, no deed having been made by Chapman to Craig therefor, and Craig being absent from home, "defendant Prescott, acting for and in behalf of Craig," on his own motion, procured of respondent Chapman a deed for said lots in fulfillment of said contract of purchase. But "by mistake, inadvertence, or at the solicitation of defendant Prescott, said deed of conveyance was executed by said Chapman to said Prescott and Craig when it should have been to Craig alone." These allegations are denied and the determination of the case must rest on the discussion of these issues of fact.

It is alleged that the name of Prescott was inserted in the deed by mistake. Craig, who is a witness for the appellant, testified in relation to his purchase of the lots from Chapman that he was to have the lots for improving them. This improvement commenced in February, 1864. He then put up a building in the spring of 1864, twenty by twenty-six feet. There was no particular understanding what the improvements were to be. He then put up an addition, making the building forty feet in length, with a small kitchen attached. He states also that he paid the taxes on the property until he sold it, and collected the rents, and that he was in sole possession. He is corroborated as to the possession and receiving the rents by the appellants, and other witnesses of the appellants. Prescott testifies that the lots were deeded to himself and Craig by Chapman in

consideration of their improvement, Chapman, who was the proprietor of the town of Union, being desirous to have these improvements made to build up the town, and thereby enhance the value of his adjoining property; that no consideration was paid for them except one or two dollars which he paid; that he helped Craig to put the improvements on the lots; that he negotiated with Chapman for lot five, and had an understanding with Craig that they were to improve and own the lots in common; and that fearing that Chapman's property would be attached, he procured the deed and had it recorded. Craig and Chapman are the only witnesses who have personal knowledge as to their understanding of the ownership of the property when the deed was executed. Prescott is the only witness who knows whether or not there was a mistake made by Chapman in executing the deed to Craig and Prescott instead of to Prescott alone, and he testifies that the deed was executed by Chapman to himself and Craig according to Chapman's, Craig's, and his understanding at the time; and that they, Prescott and Craig, were to have the lots in common for improving them.

We think from this evidence that it is not proven that the grantor Chapman, made a mistake as alleged when he executed the deed. In order to show a mistake, it should be shown that Chapman, the grantor, was a party to it. (Lewin on Trusts, 201; 33 Beav. 133; Kerr on Fraud and Mistake, 429; 1 Perry on Trusts, 217.) In order to establish a mistake in a deed it is necessary to show it by clear and convincing proof, as the evidence must overcome the strong presumption which exists in favor of written instruments, which should not be annulled by uncertain and contradictory testimony. (*Gillespie* v. *Moon*, 2 Johnson's Ch. 279; *Hillman* v. *Wright*, 9 Ind. 126.)

The next question is, did Prescott obtain this deed by fraud? On this subject the testimony is conflicting; Craig and Prescott being the only witnesses who have any personal knowledge, and they disagree. There is some evidence of the acts and declarations of Prescott which tend to corroborate the testimony of Craig, that he alone was to have the

deed. He seems to have had the control of the property after the deed was made, except while he and Prescott occupied it as a saloon. There is on the other hand the fact that Craig, knowing that the deed was made to Prescott and himself, made no effort to get the whole title, and when he sold the property made a quitclaim deed to it, granting simply his right in the premises. He and Prescott were also, at the time the deed was made, partners in business, and in circumstances where they would be likely to embark together in such an enterprise. And there is also the fact that Prescott was at the pains to obtain the deed and paid the nominal consideration therefor.

From the whole evidence we think the fact of fraud in obtaining the deed is not clearly established, and that we would not be warranted in finding that the deed was obtained from Chapman by fraud, and that to do so on the evidence before us would be going beyond the rules established in any of the numerous cases cited by counsel.

The only remaining question is as to the estoppel. The appellants claim title by estoppel, and if they intended to rely on such title, they should have pleaded it in the complaint, as they had an opportunity to do so. They made their case in the complaint, wherein they relied on the fact that Craig had purchased the property from Chapman and that by mistake on the procurement of Prescott the deed was made to Prescott and Craig. We think, therefore, that the matter of estoppel as sustaining the claim of the appellant as prayed for can not be considered in the case.

There were some other questions which were discussed to some extent in the argument which are not pertinent to the issues as made by the pleadings, and it is not necessary to consider them here.

We do not find any error in the findings or determination of the circuit court, and its decree will be affirmed by this court with costs.