Argued October 31; decided December 30, 1895.

## THORNTON *v.* KRIMBEL.

[42 Pac. 995.]

1. REFORMATION OF WRITTEN INSTRUMENTS — EQUITY.— In order to justify the interposition of a court of equity to reform a written instrument for an alleged mistake of fact, it must be distinctly alleged and conclusively proved that the mistake was mutual, or that it was the mistake of one party superinduced by the fraud or some inequitable conduct of the other.[*]

2. CROSS-APPEAL.— A party to a judgment or decree who has not appealed is presumed to be satisfied, and cann    ~ the appellate tribunal to modify or reverse the decision of t.... ...wer court.

28  271
31  549
28  271
36  577
28  271
46   58

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit to reform a contract and bond, and to recover damages for an alleged breach of the contract. The facts are, that on March twenty-fourth, eighteen hundred and ninety-three, the defendant Krimbel entered into an agreement with the plaintiff, by the terms of which he undertook to furnish the material and erect and finish a dwelling-house for her, in conformity with the plans and specifications thereof; and it was also provided that the contractor should protect the building from liens, and that a bond should be given for the faithful performance of the terms and conditions of said agreement. The agreement having been reduced to writing, was signed by each of the defendants, but not by the plaintiff, and a joint and several bond, in which Krimbel was designated as principal, and —— and —— as sureties, was signed by the defendants Meyer and Ward only. A lien

[*]The following Oregon cases require the complaint to also show that the mistake did not arise from the gross negligence of the plaintiff: *Lewis* v. *Lewis*, 5 Or. 169; *Foster* v. *Schmeer*, 15 Or. 363; *Hyland* v. *Hyland*, 19 Or. 51; *Meier* v. *Kelly*, 20 Or. 86; *Osborn* v. *Ketchum*, 25 Or. 352.—REPORTER.

having been filed against the property, the plaintiff, claiming the building had not been completed, commenced this suit, and, in substance, alleges that it was the intention of the parties that she should sign said contract, but through inadvertence she had omitted to do so, and that she offered to sign the same; that it was also their intention that said bond should be executed by Krimbel as principal, and that Meyer and Ward should be named therein as sureties, but through mistake Krimbel failed to sign it, and the names of the sureties were omitted from the body of the bond; that by mistake Krimbel was wrongly described in the contract and bond as "Kimbel"; and, having alleged several breaches of the contract, and the damages resulting therefrom, she prayed a decree reforming said contract and bond, and a recovery of her damages. The defendants, separately answering, after denying the material allegations of the complaint, allege facts tending to constitute an estoppel, and pray that the suit be dismissed. The replies having put in issue the allegations of new matter contained in the several answers, a trial was had, resulting in a decree reforming the contract and bond, awarding Krimbel fifty-six dollars and thirty cents due on the contract, and requiring the plaintiff and Krimbel each to pay one half the costs, and from this decree the plaintiff appeals.        AFFIRMED.

For appellant there was an oral argument and a brief by *Mr. Richard H. Thornton* to this effect.

Error is apparent on a mere perusal of the abstract in this case. The main issues have been ignored, and it is impossible to tell on what basis of fact or of law the decree is framed. The court

granted the defendant Krimbel affirmative relief for which he did not pray. He asked for no compensation; but the court awarded him fifty-six dollars and thirty cents. How this amount was ascertained is an insoluble puzzle. The decree in this case should be affirmed as to the reformation of the bond, and as to the perpetual injunction of the action in the justice's court. It should be reversed as to the payment to Krimbel by appellant of fifty-six dollars and thirty cents. It should be amended by awarding compensation to the appellant in the sum of one thousand three hundred and thirty-two dollars, with interest from June sixth, eighteen hundred and ninety-four, for which sum execution should issue against the property of either or all of the respondents, to wit, one hundred and forty-nine dollars and fifty cents in respect of Burks' lien, five hundred and fifty dollars in respect of bad painting, and six hundred and thirty-two dollars and fifty cents at the least, in respect of noncompletion and vacancy of the house; and by awarding compensation to the appellant in the sum of six hundred and fifty-seven dollars and forty-five cents, with interest from same date, in respect of overpayment, for which sum execution should issue against the property of the respondent Krimbel alone. The costs should be charged to the respondents, the appellant not having been in fault. Let us then break forth into singing —

> Jacob Krimbel, Joseph Burke,
> Why should you your contracts shirk?
> Jacob Krimbel, Joseph Burke,
> Try to do some honest work.
> Children burnt will fear the fire:
> Ward *videlicet* and Meyer.

For respondent there was a brief and an oral argument by *Mr. Robert C. Wright.*

PER CURIAM. 1. It is contended by the plaintiff that the court erred in several particulars, which errors are assigned as grounds for a modification of the decree, while the defendants contend that the complaint does not state facts sufficient to constitute a cause of suit, and that the evidence is not sufficient to warrant a reformation of the contract and bond. The rule is well settled that in order to justify the interposition of a court of equity to reform a written instrument for an alleged mistake of fact, it must be distinctly alleged and conclusively proved that the mistake was mutual to both parties, or that it was the mistake of one party superinduced by the fraud or some inequitable conduct of the other: *Fahie* v. *Pressey,* 2 Or. 23 (80 Am. Dec. 401); *Everts* v. *Steger,* 5 Or. 147; *Lewis* v. *Lewis,* 5 Or. 169; *Foster* v. *Schmeer,* 15 Or. 363 (15 Pac. 625); *Hyland* v. *Hyland,* 19 Or. 51 (23 Pac. 811); *Kleinsorge* v. *Rohse,* 25 Or. 51 (34 Pac. 874). There is no evidence of plaintiff's intention to sign the contract, or of Krimbel's intention to sign the bond; and for all that appears he may never have intended to sign it, and, if so, the absence of his signature would not be in consequence of any mistake on his part. It has been repeatedly held that a court of equity will not reform a written instrument upon the ground of mistake, unless the mistake be established by clear and satisfactory evidence: *Shively* v. *Welch,* 2 Or. 288; *Stevens* v. *Murtin,* 6 Or. 193; *Remillard* v. *Prescott,* 8 Or. 37; *Epstein* v. *State Insurance Company,* 21 Or. 179 (27 Pac. 1045).

2. The defendants not having taken a cross-appeal it must be presumed that they were satisfied with the

decree, and cannot now be heard to complain of a failure to allege or prove the existence of a mutual mistake, and hence it follows that the decree is affirmed.                                          AFFIRMED.