Decided 3 January, 1905.

## BOARD OF REGENTS *v.* HUTCHINSON.

78 Pac. 1028.

CONCLUSIVENESS OF PART OF DECREE NOT APPEALED FROM.\*

1. Judgments and decrees, or parts of them, not appealed from are conclusive on all parties, and matters therein decided will not be reviewed on appeal.

EASEMENT BY PRESCRIPTION—WATERS.

2. The continuous use of a ditch for thirty-five years by the one who dug it and his successors in interest creates an easement that will be protected by the courts. The word "ditch" may also include a natural slough that has been used as part of the waterway.

NEGLIGENT USE OF EASEMENT—IRRIGATING DITCH.

3. The owners of an easement must so use it as not to unnecessarily injure the servient estate. For example, one having an easement across farming land for an irrigating ditch, will not be permitted to allow the ditch to become stopped with debris and thus cause the water to injure the adjoining land, or otherwise use it so that it becomes a nuisance to the land affected.

VALIDITY OF COMPROMISE SETTLEMENT—ILLUSTRATION.

4. A controversy having arisen between plaintiffs and defendants as to the right of the latter to conduct water across plaintiffs' land, and as to whether defendants were using their ditch in a proper manner, a settlement of such dispute, by which defendants agreed to deepen the ditch west of a slough so as to prevent the water from unnecessarily accumulating in the slough, and that in the meantime plaintiffs should be entitled to maintain a drain box for the same purpose, was binding on both parties.

From Union: ROBERT EAKIN, Judge.

Suit by the Board of Regents of the State Agricultural College and another against James H. Hutchinson and another. From a decree in favor of defendants, but enjoining them from closing or interfering with a certain drain box, they appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Leroy Lomax.*

. For respondents there was a brief over the name of *Crawford & Crawford,* with an oral argument by *Mr. Thos. H. Crawford.*

MR. JUSTICE BEAN delivered the opinion of the court.

This suit was commenced by the Board of Regents of the Agricultural College to establish an alleged right to the use of a part of the waters flowing in what is known in the record as the "Godley Ditch," to restrain the defendants from closing certain tap ditches taken therefrom, and to enjoin and restrain them

---

\*NOTE.—See *Shook* v. *Coholan,* 12 Or. 239; *Shirley* v. *Burch,* 16 Or. 83; *Thornton* v. *Krimbel,* 28 Or. 27; *Cooper* v. *Thomason,* 30 Or. 162, and *Goldsmith* v. *Elwert,* 31 Or. 539.          REPORTER.

from interfering with a drain box put in by the plaintiff to carry the surplus water from its land.

1. The decree of the court below was in favor of the defendants and against the plaintiff upon the first two points, and, as plaintiff has not appealed from that part of the decree, it is not before us for review: *Thornton* v. *Krimbel,* 28 Or. 271 (42 Pac. 995); *Goldsmith* v. *Elwert,* 31 Or. 539 (50 Pac. 867).

2. This leaves for our consideration only that portion of the decree appealed from by the defendants, and enjoining and restraining them from closing or interfering with the drain box referred to. The plaintiff owns a tract of land near Union, in Union County, described in the record as the "Warren Tract," and uses it as part of its experiment station grounds. The defendants own land lying west of that belonging to the plaintiff. Some thirty or thirty-five years ago one Godley, who then owned the land now belonging to the defendants, tapped Catherine Creek, a natural stream of water, at a point a short distance from the northeast corner of the Warren Tract, and by means of a ditch conducted water to the east line of the Warren Tract, and thence along such line to a point near the southeast corner, where a part of a natural slough was used, and from thence by a ditch along the south line of plaintiff's land to his place, where he and his successors in interest have ever since used the water for irrigation. The defendants have succeeded to all Godley's rights. Parallel to and near the Godley Ditch on the south is another ditch, known as the "McLane Ditch," and which crosses the slough or swale at the southeast corner of plaintiff's land by means of an embankment. Prior to 1902 the Godley Ditch had become somewhat filled up, and the bottom of that portion west of the slough at the southeast corner of the plaintiff's land was about twelve inches higher than the bottom of the slough, thus obstructing the flow of the water, and causing it to accumulate in the slough, and subirrigate and render unfit for cultivation a portion of the plaintiff's land. In the spring of 1902 the director in charge of the experiment station put in a drain box at the southeast corner of the Warren Tract and under the McLane Ditch to carry off the water, and prevent the drowning

out or destruction of some valuable experimental grasses. This box was below the level of the Godley Ditch leading west from the slough, and therefore prevented the water from flowing down the ditch to the defendants' land. The defendants closed the drain box two or three times, and threatened to have the director arrested for interfering with their water and ditch rights.

Thereupon a controversy arose between them and the plaintiff as to the respective rights of the parties, and in June, 1902, a conference was had between the president and secretary of the plaintiff, the director of the station, and the defendants for the purpose of settling such conflict and controversy, and it was then agreed, as we think the preponderance of the testimony shows, that as a settlement thereof the defendants should deepen the Godley Ditch west from the slough so as to prevent the water from unnecessarily accumulating in the slough and overflowing and subirrigating plaintiff's land; that in the meantime the drain box previously put in by the director should remain in place, and the defendants should be permitted to take water for the irrigation of their lands for the season of 1902 through and across the lands of the plaintiff, tapping the Godley Ditch north of the slough. There is some conflict, it is true, in the testimony upon this point, but Mr. Weatherford, the president of the board of regents, Mr. Daly, its secretary, and Mr. Leckenby, the director in charge of the station, all testify directly and unequivocally that the settlement and agreement were made as stated; and, while their testimony is contradicted by the defendants, the preponderance of the evidence is, we think, unquestionably with the plaintiff. The defendants did not comply with this agreement and deepen the ditch west of the slough, but, on the contrary, in the spring of 1903 cleaned out and enlarged the ditch leading from Catherine Creek to the slough on the east of the Warren Tract, and were threatening to turn an increased amount of water therein, when this suit was commenced. The defendants have an undoubted right to an easement over and across the lands of the plaintiff for their ditch and water right, with the right to use the slough at the southeast corner of the Warren Tract as part of their ditch.

3. This easement, however, must be used by them in such a manner as to impose as little damage to the servient estate as possible. They cannot negligently or carelessly permit the ditch to fill up and obstruct the flow of water so as to cause it to flow back and injure the plaintiff, nor can they enlarge their ditch or increase the flow of water therein to the plaintiff's damage, or in any manner so operate or use their ditch and water right as to render it a nuisance, or unnecessarily damage the servient estate: *Jacob* v. *Day,* 111 Cal. 571 (44 Pac. 243).

4. When, therefore, a controversy or dispute arose in good faith between the parties as to whether the defendants were using their ditch and water right in a proper and lawful manner, and that dispute was settled and compromised as stated, the agreement was, we think, binding on both parties, and ought to be enforced: *Smith* v. *Farra,* 21 Or. 395 (28 Pac. 241, 20 L. R. A. 115); *Sing On* v. *Brown,* 44 Or. 11 (74 Pac. 207). The plaintiff will therefore be permitted to maintain the drain box in its present position until such time as the defendants clean out and deepen the Godley Ditch west of the slough at the southeast corner of the plaintiff's land so as to carry off the water flowing in the ditch and prevent it from unnecessarily injuring or damaging the plaintiff, and when that is done the drain box must be removed by the plaintiff, and the ground restored to its former condition. Either party will have permission to apply to the court below for the enforcement of this decree.

Affirmed.

Argued 1 November, decided 12 December, 1904; rehearing denied.