Argued November 2, decided November 23, 1909; rehearing denied January 25, 1910.

## BANK OF COMMERCE *v.* BERTRUM.

[104 Pac. 963; 106 Pac. 444.]

APPEAL AND ERROR—ABANDONMENT OF APPEAL.

1. Where no transcript of the notice of appeal or undertaking was filed by cross-appellant, and no extension of time for so doing appears in the record, and no fee for filing such transcript has been paid the clerk, the cross appeal, if any was attempted, will be deemed abandoned.

- APPEAL AND ERROR—TIME IN WHICH TO FILE TRANSCRIPT—JURISDICTION.

2. As to completing the record on appeal, there is no distinction between cases in which the appeal was taken from a part of the decree or the whole, and in order to confer jurisdiction upon the Supreme Court, a transcript containing the notice of appeal, undertaking and the final judgment must be sent up and filed within the time limited by law for so doing.

From Union: JOHN W. KNOWLES, Judge.

This is a suit by the Bank of Commerce, Limited, against Charles Bertrum to restrain the defendant from disposing of a certain interest in logs, lumber and other property in Union County, upon which plaintiff claims to have a mortgage given by one W. R. Kivette. From a decree in favor of defendant, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John L. Rand* and *Messrs. Cavanah & Blake* with an oral argument by *Mr. Rand.*

For respondent there was a brief over the names of *Messrs. Ramsey & Oliver* with an oral argument by *Mr. Turner Oliver.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Plaintiff sued to restrain defendant from disposing of a two-thirds interest in certain logs, lumber, and other property, in Union County, upon which it claimed to have a mortgage given by one W. R. Kivette. The property mortgaged was partnership property, owned by a firm composed of Kivette and the defendant; Kivette having a two-thirds interest and defendant a one-third. The com-

plaint also charged that defendant had sold and converted to his own use portions of the mortgaged property to the injury of plaintiff, and prayed for a receiver and an accounting.

Plaintiff had a decree in the court below, but contends that the court erred in allowing defendant the sum of $375 for services in managing the property. Upon an examination of the testimony in the whole case, we do not think the allowance inequitable.

This case was argued as though there had been a cross-appeal by defendant; but no transcript of the notice of appeal or undertaking was filed by defendant, and no extension of time for so doing appears anywhere in the record; nor has any fee for filing such transcript been paid to the clerk. If any appeal was attempted, it must be deemed to have been abandoned. Defendant, not having perfected his appeal, must be held to be satisfied with the decree of the court below. *Shook* v. *Colohan,* 12 Or. 239 (6 Pac. 503) ; *Shirley* v. *Burch,* 16 Or. 83 (18 Pac. 351: 8 Am. St. Rep. 273) ; *Thornton* v. *Krimbel,* 28 Or. 271 (42 Pac. 995) ; *Cooper* v. *Thomason,* 30 Or. 162 (45 Pac. 296) ; *Goldsmith* v. *Elwert,* 31 Or. 539 (50 Pac. 867) ; *Board of Regents* v. *Hutchinson,* 46 Or. 57 (78 Pac. 1028.)

The decree of the lower court is affirmed, and defendant shall recover costs in this court          AFFIRMED.

---

Decided January 25, 1910.

## ON MOTION FOR REHEARING.

[106 Pac. 444.]

2. It is contended on motion for rehearing that the rule announced in our former opinion in this case (104 Pac. 963) is erroneous in holding that, where no cross-appeal is taken, a respondent will be treated as satisfied with the

decree of the Court below, and will not be entitled to have such decree modified in his favor in this court. Counsel suggests that the decisions cited by us from this court were in cases where the appeals were not taken from the whole decree. We have carefully examined the original transcripts in these cases, and find that in *Shirley* v. *Burch*, 16 Or. 83 (18 Pac. 351: 8 Am. St. Rep. 273); *Cooper* v. *Thomason*, 30 Or. 162 (45 Pac. 296), and *Goldsmith* v. *Elwert*, 31 Or. 539 (50 Pac. 867), the appeals were all taken from the whole decree and not from a portion of it. The notice of appeal is lacking in the transcript in the case of *Thornton* v. *Krimbel*, 28 Or. 271 (42 Pac. 995), cited in our former opinion; but the other cases cited show that it was not the intention of the court to make any distinction between cases in which the appeal was taken from a part of the decree and cases in which the appeal was taken from the whole decree.

As to the second contention, that we should allow the missing notice and undertaking in this case to be supplied, we can only say that the filing in this court of a transcript containing a notice, undertaking, and final judgment is jurisdictional, and we have no authority to require such trascript to be sent up after the time limited by law for so doing has expired. The statute makes the filing of such transcripts a duty incumbent upon the appellant, and does not devolve it upon the clerk of the lower court. The fact that a custom of leaving the clerk to send up such transcripts has grown up in some counties in this State cannot change the low in this respect, nor permit us to assume jurisdiction after it has been lost. If we could do so in any case, we certainly would in this one, where the custom alluded to, taken in connection with the fact that defendant no doubt believed that the clerk had sent up the papers necessary to perfect the appeal, makes a case of hardship upon him which we would gladly relieve, if we could do so without a positive violation of the

statute. But as the law has not made it the duty of the clerk to forward to this court a transcript on appeal, but instead, has imposed that duty upon the appellant, we cannot say, as a matter of law, that the clerk has failed to perform an official duty or neglected to do any act required of him by law, and that for such reason we will relieve the appellant from the consequences of not filing the papers necessary to complete his transcript on appeal. The rehearing is denied.

AFFIRMED:  REHEARING DENIED.